"WnEELEB, J.
The appellee recovered judgment against the ap--pellants for the value of certain property of the former, converted by the latter to their use.
A motion for a new trial was made, which was not disposed of at that time; but at the spring term next ensuing the motion.was considered and refused, and the defendants appealed.
*(338) It is insisted for the appellants that the court erred in refusing a new trial; for that,
“1st The verdict is not supported by evidence;
“2d. .Because it appears from the record either that the judge misdirected the jury, or that one or more of the jury misunderstood the charge, whereby their verdict was influenced.”
There is no statement of facts agreed upon by the parties, or certified by the judge as the facts of the case. Some depositions are transcribed in the record, but they do not appear to have been the only evidence adduced, and in the absence of anything appearing to the contrary, we must presume that there was other and sufficient evidence to warrant the verdict.
When the facts of the case are not before us in the mode prescribed by law, (5 Stat. 92, 93, sec. 37; 1 Acts of State, 398, sec. 135), we must presume, in the support of the verdict, every fact to have been proved which was necessary and admissible under the issues. Every presumption is to be indulged in favor of the verdict and judgment of the court below; and it is incumbent on the party seeking to reverse a judgment to evince that it is erroneous. The verdict and judgment will be presumed to have been duly and rightly rendered upon sufficient legal testimony, until the reverse is made to appear; and it is with the appellant to bring before the court such a case as shall counteract this presumption. If he seeks to reverse upon the facts alone, he must take the proper steps to bring them before the court in the mode prescribed by law; so that it may appear by a statement, either agreed upon by the parties or certified by the judge, that they are the facts; that is, all the facts in the case; 4 Stat. 92, 93, sec, 37, 1 Acts of State, 398, sec. 135. It is the duty of the appellant to' bring up the facts; and if he neglects to do so, it cannot be permitted that the appellee shall suffer by his default. “Errors in fact can only be corrected in this tribunal by bringing up all the evidence taken in the inferior court; and the appellant cannot make his neglect in doing so a ground for relief in another shape.” 12 mart. 205. The first cause assigned for reversing the judgment is therefore without foundation.
In support of the remaining ground the affidavit of one William Russell, made at the newt term after the trial, is alone relied on, in which he avers that he was one of the jury who tried the cause and that he was influenced in his verdict by what he sets forth as the charge of the judge.
This ground can scarcely be deserving of serious consideration. That the charge of the court to the jury can be brought up for revision in this manner seems a proposition- too preposterous to be seri *(339) ously entertained. It is believed that such an attempt has seldom entered into the conception of any one; certainly i't has never received judicial sanction, and ought not to be permitted to pass without reprehension. To permit a juror at so late a period thus to annul his verdict, given in court under the solemnity of his oath, would be to hold out an inducement to fraud and perjury.
Tor as much as it does not appear that there was error in the judgment of the district court, and it appearing that the appeal in this case was taken for delay only, we are of opinion that the judgment of the district court be affirmed with damages.