IVhebleb, J.
If the present were an open question, I am of opinion that upon contracts made or to be performed in another State in the absence of proof of the rate of interest allowed by the law of the contract, the court should treat the foreign law as being like our own, and should be governed by *176 our law in allowing interest. (Story’s Conflict of Laws, sec. 638, n. 1,3d edit.: 2 Hill, (N. Y.) R., 201; 12 La. R., 594.)
A different rule,, however, was adopted in some early decisions of the Supreme Court of (lie Republic, which have been followed in subsequent cases. (Cook v. Crawford, 1 Tex. R., 9, 11, 12; Burton v. Anderson, 93.) And it is now regarded as the settled law of the court that in the absence of averment and proof of the foreign rate of interest, none can be allowed. (Wheeler v. Pope, 5 Tex. R., 202.)
The plaintiff has averred in his petition that the bill was drawn upon a house in New Orleans, in the State of Louisiana. Though drawn in this State, it was then payable in another State; and it is well settled that when the place of payment is different from that where the contract was made, interest is to be computed according’ to the law of the place of payment. (Anderson v. Hoxie, 5 Tex. R., 171.)
To have entitled the plaintiff -to recover interest in this case, therefore, he should have averred and proved what was the legal rate of interest of the State of Louisiana upon contracts like that sued on.
There is in the record no statement of facts, but neither is there any averment of the law of interest of Louisiana. And although in support of the judgment we are authorized to presume everything to have been proved which legally could have been proved under the averments in (he petition, we cannot presume that there was proof of a fact which is not averred. The allowance of interest in the absence of such averment and proof might have been takeu advantage of after verdict, and of course it was competent to ask an instruction, the effect of which would be to prevent the finding of an unauthorized verdict, or one on which the court could not legally give'judgment. The instruction asked was proper and it was error to refuse it; for which the judgment must be reversed and the cause remanded for further proceedings, when the plaintiff, if he think proper, will be permitted to amend by averring the law of interest of the State of Louisiana.
Reversed and remanded.
Note 66. — See Bailey v. Heald, 17 T., 102.
Note 67. — Overruled in Bailey v. Heald, 17 T., 102.
Note 68. — Whitlock v. Castro, 22 T., 108.