JOHN W. WHITLOCK AND ANOTHER V. HENRY CASTRO.

Where the petition showed that two of the notes sued on were made in " New York," and payable " at the office of the Commercial and Agricultural Bank of Texas, in New Orleans," (in 1851 and 1852, before the passage of an Act further regulating proceedings in the District Court, Acts 7th Legislature,) without an averment, in connection with them, explaining the localities of " New York" or " New Orleans," the court cannot judicially know that they were places beyond the limits of the State.

Whitlock v. Castro.

A note payable at a particular place, bears interest according to the rate there payable by law.

If it do not appear from the petition, that the place of payment specified in the note was beyond the limits of the State of Texas, it will be presumed to have been within it, and interest on the same will be computed according to the rate established by our laws.

The commencement of a petition as follows, "The petition of John W. Whit-"lock & Co., a mercantile firm of the State and city of New York, composed "of the following named persons, to wit, John W. Whitlock and James Kel-"logg, most respectfully represents, &c," is not sufficient to constitute an averment, that *the office of said firm* was in the said city and State; and is a recital evidently not intended, by the pleader, to indicate where the notes described in the petition were executed.

In ascertaining whether or not, the averment of a fact necessary to support or qualify a cause of action, has been made, the court is not required to collate detached parts of the recitals in it, and construe them in a connection, and for a purpose, not intended by the pleader, in order to supply, by the aid of inferences, a distinct and material averment, which has been clearly omitted in its proper place.

The statute requires, that the plaintiff shall set forth, in addition to the names and residence of the parties, if known, "a full and clear statement of the "cause of action, and such other allegations pertinent to the cause, as he "may deem necessary to the suit." If the plaintiff sought to recover New York interest, an allegation, pertinent to the cause, and necessary to such object, was, that the notes were made there, and that the rate of interest in that State was seven per cent, (as admitted in the court below).

There being no such allegation in the petition, and there being no allegation as to the locality of New Orleans, or the rate of interest there, the court should not have taken judicial notice, that the notes were payable out of the limits of the State of Texas; which it must have done, to have given the charge to the jury, that they should allow the plaintiffs no interest on the notes.

APPEAL from Bexar. Tried below before the Hon. Thomas J. Devine. Suit by the appellant and James Kellogg, mercantile partners, under the firm and style of John W. Whitlock & Co., against the appellee, on three several promissory notes of the following tenor:

$1,770 97.                    New York, April 5th, 1851.

Eight months after date, I promise to pay to the order of Jno. W. Whitlock & Co., with current rate of exchange on New

York, seventeen hundred and seventy $\frac{97}{100}$ dollars, at office of Commercial and Agricultural Bank of Texas, in New Orleans, value received. H. CASTRO.

$1,238 13. New York, April 5th, 1851.

Nine months after date, I promise to pay ·to the order of Jno. W. Whitlock & Co., with current rate of exchange on New York, twelve hundred and thirty-eight $\frac{13}{100}$ dollars, at office of Commercial and Agricultural Bank of Texas, in New Orleans, value received. H. CASTRO.

$86 02. New York, April 5th, 1851.

Eight months after date, I promise to pay to the order of Messrs. Jno. W. Whitlock & Co., eighty-six $\frac{02}{100}$ dollars, at their office, value received. . H. CASTRO.

On the trial of the case, it was admitted as a fact, by counsel for the defendant, that the rate of New York interest was seven per cent. The plaintiff read the notes sued on, in evidence.

The defendant had brought a suit against the plaintiff, which was consolidated with this suit, claiming damages of the plaintiff for wrongfully suing out the attachment issued and levied by the plaintiff in this action, on the goods of the defendant. The voluminous testimony on that branch of the case, and the charges given by the court on points involved in that issue, need not be stated, as they were not essential under the view of the case taken by the Supreme Court.

The court charged the jury, that "In estimating the amount "due on the notes, you will allow the plaintiffs no interest; proof "of a foreign rate of interest will not authorize a recovery of "such interest, in the absence of a distinct allegation in the "petition, setting forth such foreign rate of interest."

The plaintiffs' counsel asked the court to charge the jury, that "The rate of interest having been allowed at seven per cent., "and the defendants having admitted that rate, plaintiffs are "entitled to recover it:" which charge was refused by the court.

Verdict of the jury. "We the jury find for defendant Cas-"tro, one hundred dollars damages, over and above the amount " of the three notes." Judgment, that said notes be paid and satisfied, and that defendant recover of plaintiff the further sum of one hundred dollars damages, and costs of suit.

The appellant assigned as error, the giving of the charge aforesaid by the court, and refusal to give that asked for. The remaining facts are stated in the opinion.

*I. A. & G. W. Paschal,* for appellants.

ROBERTS, J. The court charged the jury, that plaintiffs, Whitlock & Co., were not entitled to recover any interest on the notes sued on. This charge was calculated to control the verdict to the amount of twelve or fifteen hundred dollars ; and the question is, was it erroneous, under the circumstances. It was given, doubtless, on the assumed fact, that the notes were not made, or were not payable, in Texas. The petition showed that the two large notes, were made in "New York," and payable "at "office of Commercial and Agricultural Bank of Texas, in New "Orleans, (in 1851 and 1852.) These words, "New York," and " New Orleans," constitute a part of the notes, without any comment, in connection with them, explaining their locality. Without such averment, the court could not judicially know that they were placed beyond the limits of this State. (Cook & Cook v. Crawford, 4 Tex. Rep. 420.) According to the decision of this court, in the case of Able v. McMurray, 10 Tex. Rep. 350, these notes bore interest at whatever rate was payable at New Orleans, whether that place was in, or out, of the State of Texas ; and not being alleged to have been out of the State, it must be taken to have been within it, as to the judicial determination of this case.

As to the small note, it is not so clear that the charge was erroneous. That, was made payable at the office of Messrs. Whitlock & Co., the plaintiffs, and the commencement of the petition reads as follows, to wit, "The petition of John W. Whit-"lock & Co., a mercantile firm of the State and city of New York,

"composed of the following named persons, to wit, John W. "Whitlock and James Kellogg, most respectfully represents "that," &c. From this it may be inferred, that the said members of this firm resided in the State and city of New York, though it does not follow necessarily that they both did. The object of this recital is to give the residence and names of the plaintiffs, in compliance with the statute. From it, it may be reasonably presumed, that their "office" was in the State and city of New York. But then a firm may have an "office" in two or more places. It might be presumed also, that the "New York," recited in the notes, was the city, in the State of New York, where this firm was located. This recital was evidently not intended, by the pleader, to indicate the place where the notes were executed. If such had been his object, for the purpose of recovering interest, "New Orleans" was the place, as to the two large notes, whose locality it was important to allege, (as the notes were payable there,) and not "New York." (Able v. McMurray, 10 Tex. Rep. 350.) There is nothing in the petition, from which it can be inferred, that New Orleans was in the State of New York. But even that may be deduced, by heaping presumption upon presumption. For instance, first presume that the notes were executed in the State of New York, from the recital as to locality of the firm, intended to indicate the residence of plaintiffs; then the rule is, that the notes will bear New York interest, unless New Orleans, where they are payable, is shown to be in a different State; and this rule is founded on the presumption, that New Orleans is in the State of New York, in the absence of an averment to the contrary.

It is by some such process as this, only, that the fact can be assumed that these notes, that were payable in New Orleans, bore interest according to the rate of interest in the State of New York. In ascertaining whether or not, an averment of a fact, necessary to support or qualify a cause of action, has been made, it is not required of a court to collate detached parcels of recitals in a petition, and construe them in a connection, and for a purpose, never intended by the pleader, in order

to supply, by the aid of inferences, a distinct and material aver-
ment, which has been clearly omitted in its proper place. Our
statute requires that the plaintiff shall set forth, in addition to
the names and residence of the parties, if known, "a full and
"clear statement of the cause of action, and such other allega-
"tions, pertinent to the cause, as he may deem necessary to the
"suit." If the plaintiff sought to recover New York interest,
an allegation pertinent to the cause, and necessary to such
object, was, that the notes were made there, and that the rate of
interest in that State was seven per cent. There being no such
allegation in the petition, and there being no allegation as to
the locality of New Orleans, or the rate of interest there, the
court should not have assumed to know judicially, that the notes
were payable out of the limits of the State of Texas ; which
it must have done, to have given the charge to the jury, that
they should allow the plaintiffs no interest on the notes.

It is proper to remark, that the record shows abundantly, that
the court was led into this error, by the conduct of both parties,
in the prosecution and defence of the cause. At a previous
trial, a judgment had been rendered in favor of the plaintiffs, for
the amount of the notes, with seven per cent. interest thereon,
upon proof, it must be presumed, of the rate of interest of New
York. Upon a motion for a new trial, other grounds of error
were complained of, and not this. An appeal was taken to the
Supreme Court, and this allowance of interest, at seven per
cent., though apparent on the face of the judgment, was not
assigned as error. The case being sent back upon other points,
was tried on the same petition, and the same proof for plaintiffs ;
the defendant volunteering an admission that the rate of in-
terest of the State of New York was seven per cent. The
parties thus seemed to take for granted, what the court assumed,
that the plaintiff must recover New York interest, if any. And
it was obvious, that the plaintiff had not attempted to allege,
that the rate of interest in New York was seven per cent.,
while it was not so obvious, without a critical examination, that

8

the fact, which the parties seemed to take for granted, did not appear in the petition.

There is nothing in the charge, in the other branch of the case, pertaining to the re-convention, which requires any opinion ; and as the cause will be remanded for a new trial, it may be most appropriate, not to make any comment upon the evidence, as to its sufficiency.

For the error in the charge of the court, instructing the jury not to allow interest on the notes, the cause is reversed and remanded.

Reversed and remanded.