## C. YALE, JR., & CO. *v.* MATT WARD'S EXECUTOR.

This court has held, that it will not take judicial notice of the division of other States into towns, cities, &c, and that knowledge of the fact that any place is within a different State of the Union must be derived from the allegations of the parties or the evidence contained in the record. (Andrews v. Hoxie, 5 Tex., 185; Paschal's Dig., Note 930.)

The 1st section of the act of 20th March, 1848, establishing the liability of drawers, &c., reads as follows: "The holder of any bill of exchange or promissory note, assignable or negotiable by law, may secure and fix the liabilities of any drawer or indorser of such bill of exchange; and every indorser of such promissory note, without protest or notice, by instituting suit against the acceptor of such bill of exchange, or against the maker of such promissory note, before the first term of the district court to which suit can be brought after the right of action shall accrue, or by instituting suit before the second term of said court after the right of action shall accrue, and showing good cause why suit was not instituted before the first term next after the right of action accrued." (Paschal's Dig., Art. 229, Notes 283, 290.) This section requires the suit to be against the maker or acceptor, not the drawer or indorser.

The 4th section of the act enabled the holder to fix the liability of an instrument between merchant and merchant by protest and notice. (Paschal's Dig,, Art. 232, Note 293.)

To bring suit was the general rule, the other modes the exceptions. There-
xxx—2.

fore, if the suit was not brought at the first term, the reasons why should be averred in the petition. (Paschal's Dig., Notes 283, 290.)

It is averred that the bill was protested, but there is no averment that the bill was between merchant and merchant, their factors or agents. There is a failure, therefore, to bring the case within the exception of the statute allowing the liability to be fixed according to the law merchant. (Paschal's Dig., Art. 232, Note 293.)

This court will not collate detached parcels of recitals in a petition, and construe them in a connection and for a purpose never intended by the pleader, in order to supply, by the aid of inferences, a distinct and material averment which has been clearly omitted in its proper place. (Whitlock v. Castro, 22 Tex., 113; Paschal's Dig., Art. 1427, Note 536.)

The 4th section of the act to regulate proceedings in the district court quoted and compared, to show the distinction between the remedy and the right, the fixing liability and suing the parties. (Paschal's Dig., Art. 1426, Note 535.) To fix the liability, a suit against the acceptor is a condition precedent.

The contract of the drawer of a bill under the law merchant is, that, if the drawee should not accept the bill when presented, or shall not pay it when due, and the holder shall give him due notice thereof, then he will pay the amount of the bill. The contract by our statute is the same, with the exception that the acceptor shall be sued at the first term of the district court after the dishonor, or at the second term, with a showing of good cause for not suing at the first. (Paschal's Dig., Arts. 220, 229, Notes 283, 290.)

ERROR from Marion. The case was tried before Hon. H. P. MABRY, one of the district judges.

The facts are very fully given in the opinion of the court.

The bill on which suit was brought was in these words, with the indorsement of "Henderson, Terry & Co." across the face of the note:

"307 78.              NEW ORLEANS, 2d *May*, 1861.

"On the 12th day of December, after date, pay to the order of C. Yale, Jr., & Co., $307 78, value received, and charge the same to account of              MATT WARD.

"To Messrs. HENDERSON, TERRY & Co."

To it was attached the usual formal protest, dated "United States of America, State of Louisiana," by a "notary of the parish of New Orleans, State of Louisiana," 14th December, 1861.

Of course, the attorney who prepared the petition took it for granted that everybody knew that Matt Ward drew the bill at New Orleans, Louisiana, and that the acceptors were commission merchants residing there. But Matt Ward, who had been a prominent man, and for a time a United States Senator from Texas, died on the 5th day of October, 1861.

The civil war had previously commenced, and on the 7th December, 1861, a law was passed, which suspended all laws for the collection of this class of debts, and which required the holder not to bring suit against the acceptor "until twelve months after the ratification of a treaty of peace between the Confederate States of America and the United States of America, until otherwise provided by law." (Paschal's Dig., Arts. 5125, 5130.) The pleadings might have been so framed as to invoke this law, and possibly to have involved its construction, but they were not. The case turned upon the sufficiency of the averments in the petition on general demurrer.

*James A. Rogers*, for the plaintiffs in error.

No brief for the defendant in error has been furnished to the *Reporter*.

WILLIE, J.—This is a suit by the payees of a bill of exchange, who are plaintiffs in error, against the executor of the deceased drawer. It is alleged that the bill was drawn on the 2d day of May, 1861, on Henderson, Terry & Co., of New Orleans, payable on the 12th of December thereafter, and that it was accepted on the day of the date of the draft; but, when presented for payment at the time it became due, the acceptors refused to pay the same; that the drawer died between the date of drawing and of the maturity of the bill; and that the defendant in error qualified as executor of his estate at the February term, 1866, of the county court

of Marion county; that about the 1st of March, 1866, said executor had due and legal notice of the protest of the bill; and that it was, on the 27th of June thereafter, duly presented, properly authenticated, to said executor for allowance against said estate, and was rejected. Judgment is asked for the amount of the bill, interest thereon, and the damages of protest. The draft is made part of the petition; is dated "New Orleans, 2d May, 1861;" is for the sum of $307 78, in favor of C. Yale, Jr., & Co., signed "Matt Ward;" addressed to Messrs. Henderson, Terry & Co., and has the name of said firm written across the face of it.

To this petition a general demurrer was sustained in the court below, and final judgment rendered thereon against the plaintiffs. The latter prosecute a writ of error to this court, and assign for error the ruling of the court sustaining the demurrer.

There being no allegation to the contrary, we must treat the draft upon which this suit is founded as a domestic bill of exchange. Neither the place where the draft was drawn, nor where it was accepted, is stated in the petition. The instrument itself, made part of the petition, purports to have been drawn at New Orleans; but there is no averment that this place is beyond the limits of Texas. This court has held, that it will not take judicial notice of the division of other States into towns, cities, &c., and that knowledge of the fact that any place is within a different State of the Union must be derived from the allegations of the parties or the evidence contained in the record. (Andrews v. Hoxie, 5 Tex., 185; 4 Tex., 420.)

The rights of the parties to this contract, therefore, must be ascertained, and their liabilities fixed according to the law of our own State.

By our law, as it existed at the time this bill became due, the liability of the drawer of an accepted draft, dishonored by non-payment, could be fixed by bringing suit thereon against the acceptor before the next term of the district

court, to which suit could be brought after the right of action should accrue, or by bringing suit to the second term, and showing good cause why it was not instituted before said first term.   (O. & W. Dig., Art. 94.)

In case the transaction was mercantile, the liability could be fixed by protest and notice, according to the law merchant.   (O. & W. Dig., Art. 97.)   Suit against the acceptor, to the first term of the court, was the general rule.   The other methods of fixing liability were exceptions.  If, therefore, the action should be brought to any other term of the court, the reasons why the general requirement of the statute was departed from should be distinctly averred in the petition.   If not so averred, objection thereto could be taken by exception, and in arrest of judgment, or by writ of error.   (Elliot v. Wiggins, 16 Tex., 597.)

It is attempted, in the present petition, to show that the liability of the drawer was fixed before the institution of the suit, by protest and notice; but there is no allegation that the contract was between merchant and merchant, their factors or agents.   There is a failure, therefore, to bring the case within the exception of the statute allowing the liability to be fixed according to the law merchant.

If the suit can be sustained at all, it must be because it has been brought within the proper time, and against the parties prescribed by the statute.  Admitting that this action has been brought to the first term of the court before which the plaintiffs were bound to institute suit, have they commenced it against the proper parties?   It is not necessary to discuss the question as to whether it is requisite to sue a non-resident acceptor, in order to fix the liability of the drawer of a bill of exchange, because in this case there is no allegation that the acceptors are non-residents.   The only averment on this subject is, that the draft was drawn upon Henderson, Terry & Co., of New Orleans.   There seems to be no attempt to state their residence at the beginning of the suit; but, if the above allegation can be con-

strued as such, it is fatally defective in not alleging that New Orleans is without the limits of Texas. We are not required to supply this defect in the pleadings, by resorting to the presumption that this New Orleans is the same place with the city in Louisiana of which the plaintiffs are alleged to be residents. If it were so, the plaintiffs should have averred it. This court will not "collate detached parcels of recitals in a petition, and construe them in a connection and for a purpose never intended by the pleader, in order to supply, by the aid of inferences, a distinct and material averment, which has been clearly omitted in its proper place." (Whitlock v. Castro, 22 Tex., 113.)

No excuse is therefore shown why the acceptors are not sued in this action, and this suit is against the drawer alone. The express provision of the statute has not been complied with, for the acceptor is the party it requires to be sued, and it was never intended that the liability of the drawer should be fixed by a suit against himself alone.

We have already seen that where the pleader relies upon any of the exceptions or excuses allowed him by the statute for not proceeding according to its provision, he must allege them; and, upon failure to do so, his pleading will be held bad upon demurrer. This is not a similar case to that provided for in the 4th section of the district court act of 1846, which provides that no person shall be sued as indorser, as guarantor, or as security, unless suit shall have been or is simultaneously commenced against the principal, except in cases where the principal resides beyond the limits of the state, &c.

This statute was construed in the case of Petty v. Cleveland (2 Tex., 406) to have intended to secure to the surety a personal privilege, that of not being sued before his principal, but not to make it a condition upon which the liability of the surety should depend. They say "that it seems to have been intended merely as a regulation of the remedy, and not of the right, and, in this view, as properly a

matter of defense, to be used or not, at the option of the surety." Hence the non-residence of the principal in such cases could be taken advantage of only under a plea averring the facts. But in this case the suit against the principal or acceptor is the condition upon which the liability of the drawer depends, and the right of the payee, as against him, depends upon previous or simultaneous proceedings against the acceptor. His contract under the law merchant is, that if the drawee shall not accept the bill when presented, or shall not pay it when it becomes payable, and the holder shall give him due notice thereof, then he will pay the amount of the bill, &c. (Story on Bills, § 107.)

No cause of action against the drawer of an accepted bill arises under the law merchant until payment is refused by the acceptor, and due notice thereof given to the drawer. But the statute of 1848, of force when this draft was dishonored, substituted suit against the acceptor to the first term of the district court after dishonor, or to the second term, showing good cause for not suing to the first, in lieu of both the protest and notice of the law merchant. (Durrum v. Hendrick, 4 Tex., 495.)

Hence no cause of action arises under that statute against the drawer until the bill has been dishonored, and suit brought against the acceptor within the time prescribed. A suit brought against the drawer, without fixing his liability by previous or simultaneous proceedings against the acceptor, is, therefore, founded upon no cause of action, and fatally defective on general demurrer.

As this was the condition of the present suit, there was no error in sustaining the demurrer to the petition, and the judgment is

AFFIRMED.