Opinion by
White, P. J.
§ 7 60. Verdict; affidavits of jurors to impeach, not admissible; case stated. Suit by appellant against appellee to recover four horses or their value. Both parties claimed title to the horses by purchase from one Ozee. Appellant proved that she owned a pasture; that Ozee owned two hundred head of horses; that she pastured Ozee’s horses under contract with him; that by the terms of said contract she was to have the four horses in controversy as pay for said pasturage; that said four horses were gotten up, branded and used for her, for nearly a year before they were taken from her possession by appellee; that Ozee had never paid her anything else for *666 said pasturage. Ozee testified, in behalf of appellee, that he bad never sold the horses to appellant, but only loaned them to her to use in payment of pasturage of his stock. The trial resulted in a judgment for appellee. On motion for new trial, appellant proposed to prove, by several members of the jury who had tiled the case, that they had misunderstood her testimony, and that if they had understood it as she had in fact given it, their verdict would have been different. A similar question was raised in Little v. Birdwell 21 Tex. 598, where five of the jurors made affidavit in support of the motion for new trial, to the effect that a certain paper read in evidence and commented upon in argument, was, by mistake, withheld from the jury, and that if said paper had been before the jury their finding would have been different. It was held that affidavits of jurors ought not to be received to impeach their verdict, and that the course of decision has been decidedly to discountenance the practice, citing Kilgore v. Jordan, 17 Tex. 341; 1 Tex. 475, 726. [See, also, Ellis v. Ponton, 32 Tex. 439; Boetge v. Landa, 22 Tex. 105; W. & W. Con. Rep. § 1053.] It was not error to overrule this ground of the motion for new trial.
May 13, 1885.
§ 761. Verdict and judgment against weight of evidence will he set aside. Besides evidence hereinbefore recited, there, was other evidence establishing appellant’s title to the horses. It appears to us that the great weight of the evidence supports her claim to the property, and that the verdict and judgment are contrary to the evidence. The rule now obtaining with regard to verdicts and judgments is, that “when the evidence is so conflicting that the jury might well be justified in finding either way, the verdict or judgment will not be disturbed; but the appellate court will set aside the verdict or judgment when it is clearly wrong, as when it is without evidence, or manifestly against the weight of evidence. [Zapp v. Michaelis, 58 Tex. 270.]
Reversed and remanded.