HAMILTON v. EILAND.    (No. 865.)*

(Court of Civil Appeals of Texas. Amarillo. Dec. 4, 1915. On Motion for Rehearing, Jan. 5, 1916.)

1. APPEAL AND ERROR ⊗═⇒542—RECORD—REFUSAL TO FILE FINDINGS.

Upon an assignment of error in the court's refusal to file findings of fact and conclusions of law, after due request to do so in the time and manner prescribed by law, where there was no statement of facts in the record or any bill of exceptions showing such request and the court's failure to file findings, an affidavit that after judgment defendant requested the judge to file findings which were not filed, that the trial judge had died within the time allowed for obtaining a bill of exceptions, and that the request for findings had not been noted on the docket, could not preserve the record of a request for findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2408, 2462; Dec. Dig. ⊗═⇒542.]

2. APPEAL AND ERROR ⊗═⇒656 — RECORD — INQUIRY AND CORRECTION.

A Court of Civil Appeals cannot correct the record of a case by hearing testimony, nor inquire into acts occurring subsequent to the judgment, and not made a part of the record, unless it is a matter affecting jurisdiction within Rev. St. art. 998.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2826–2828; Dec. Dig. ⊗═⇒656.]

3. APPEAL AND ERROR ⊗═⇒905—RECORD—PRESUMPTION—RULINGS.

A party seeking a reversal of a judgment must bring to the appellate court a record of the proceedings sufficiently full to clearly show the error of which he complains, and, where his record shows the proceedings only in part, every reasonable presumption will be indulged in favor of the court's ruling, and the case will not be reversed unless it appears that upon no possible state thereof could the ruling be upheld.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3672; Dec. Dig. ⊗═⇒905.]

4. APPEAL AND ERROR ⊗═⇒907—RECORD—REQUEST FOR RULING.

In the absence of a bill of exceptions, it will be presumed that the trial judge knew nothing of any request to file findings of fact and conclusions of law.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 2911–2916, 3673, 3674, 3676, 3678; Dec. Dig. ⊗═⇒907.]

5. COURTS ⊗═⇒116—RECORDS—CORRECTION.

A trial court has a continuing power, after adjournment for a term, to make its minutes and records speak the truth, which may be done

by nunc pro tunc orders in some instances, though no written memorandum of the proceeding can be found to support such order.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 369, 371–373; Dec. Dig. ⟨&—116.]

6. COURTS ⟨&—116—CORRECTION OF RECORDS—APPLICATION TO SUCCEEDING JUDGE.

There is no objection to an application to a succeeding judge to make the record speak a fact actually existent in a judicial proceeding, and which in some manner should be a part of the record.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 369, 371–373; Dec. Dig. ⟨&—116.]

7. EVIDENCE ⟨&—43—JUDICIAL NOTICE—RECORD.

In an action on vendor's lien notes, where the transcript showed defendant's objection to any judgment upon an award of arbitrators and orders, overruling the objection reciting defendant's objection against judgment "as per agreement on file," and final judgment, reciting that the court read the agreement of counsel filed at a former term, and where a purported agreement and award were substituted on account of loss, but were not included in the transcript except as a part of a statement of facts, or in a bill of exceptions, the court could not judicially know that the judgment was rendered upon the agreement for arbitration and the award, and hence could not consider an assignment of error thereon.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 62–65; Dec. Dig. ⟨&—43; Appeal and Error, Cent. Dig. §§ 2959, 2960.]

8. PLEADING ⟨&—387—PROOF TO SUSTAIN.

Proof of an essential fact not averred will not sustain a judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1300–1304; Dec. Dig. ⟨&—387.]

On Motion for Rehearing.

9. APPEAL AND ERROR ⟨&—659—RECORD—MAKING NEW RECORD.

An assignment of error, in a motion for a rehearing upon the court's overruling appellant's assignment of error, asking the privilege of going before the trial judge and having the deficiency of the record presented to him in accordance with the court's opinion and obtaining his approval of the bill of exceptions, having it filed nunc pro tunc, and having the record completed on certiorari, would be overruled as a request for a writ to make a record and then bring it up.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2834–2843; Dec. Dig. ⟨&—659.]

10. APPEAL AND ERROR ⟨&—643—RECORD—AMENDMENT.

Even where there is a record to correct, an application to amend it is too late after the judgment of the Court of Civil Appeals has been rendered in the cause.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2791–2794; Dec. Dig. ⟨&—643.]

Appeal from District Court, Hutchinson County; F. P. Greever, Judge.

Action by Enoch Eiland against George P. Hamilton. Judgment for plaintiff, and defendant appeals. Affirmed.

Hoover & Dial, of Canadian, for appellant. Turner & Rollins, of Amarillo, and J. M. Elliott, of Memphis, for appellee.

HENDRICKS, J. The appellee, Eiland, sued the appellant, Hamilton, on four promissory vendor's lien notes, for the establishment of a debt and to foreclose the lien, the appellee being the original vendor and the appellant the original vendee. Among other defenses, the defendant specially pleaded that prior to the purchase of the land by him, the lines and boundaries of the land purchased were pointed out by the plaintiff and relied upon, and but for which he would not have purchased said land; that the boundaries so represented were not the real boundaries of the land purchased. Defendant also pleaded a breach of the warranty in the deed, as well as a breach of an oral guaranty alleged to have been made at the time the land was pointed out, and asked for damages for the loss of certain improvements placed upon a part of the lands leased to the defendant, and also for an abatement of a part of the purchase price on account of the loss of a portion of the land. The court, without a jury, rendered judgment against the defendant for the debt and foreclosure.

[1-5] Appellant's first assignment is that the trial court erred—

"in failing and refusing to file findings of fact and conclusions of law after having been duly requested to do so by the defendant, and within the time and manner prescribed by law."

There is no statement of facts in the record; and appellant's lack of a bill of exceptions, exhibiting that he made a request to the trial court with the court's failure to file the same, is attempted to be justified by affidavits presented to this court, declaring this condition:

"That after the court rendered judgment for the plaintiff they [counsel] requested him [the judge], within the time prescribed by law, and immediately, to file his findings of fact and conclusions of law in said cause. * * * That such findings and conclusions have never been filed, and that Hon. F. P. Greever, presiding judge of said court, and the identical person who tried said cause, is, at the time of making this affidavit, dead, having departed this life on April 2, 1915, and that for some reason unknown to the affiants, the request for findings and conclusions was not noted upon the docket."

The transcript shows that the district court convened on the 8th day of March, 1915, and adjourned on the 15th of said month, the judgment in the cause having been rendered upon the prior date.

The appellant argues that the request to the trial court does not have to be in writing, citing particularly the case of Dennis v. Kendrick, 163 S. W. 693, decided by this court. The question, however, is more far-reaching than one of oral request, but is one whether according to this record, any request that we can judicially notice is shown. It is true that the trial judge, if a request has been made for findings of fact and conclusions of law, may prepare and file the same within 10 days after the adjournment of court, and if the affidavit in this case could be considered for any purpose, it would show that the conclusions were not filed, and

that the trial judge died before the expiration of the full time within which the defendant had the right to present and have approved a bill of exceptions, affording a basis for revising the error; appellant presenting the affidavit as a substitute for a bill of exceptions, presenting the above condition as an excuse therefor. It may be that the incomplete condition of this record is one of hardship, but:

"A court of civil appeals cannot correct the record of a case by hearing testimony, nor can it inquire into acts occurring subsequently to the rendition of the judgment and not made a part of the record." Mercantile Co. v. Wathen, 93 Tex. 622, 57 S. W. 946.

The exceptions are inquiries involving jurisdiction. Same case, supra. See Bath v. Houston & T. C. R. R. Co., 34 Tex. Civ. App. 234, 78 S. W. 994; Applebaum v. Bass, 113 S. W. 173. Also:

"It is the duty of a party who here seeks to secure a reversal of the judgment of a lower court to bring to this court a record of the proceedings sufficiently full to show clearly the error of which he complains. If he bring a record which shows the proceedings only in part, every reasonable presumption will be indulged in favor of the court's ruling, and the case will not be reversed unless it appear that upon no possible state of the case could the ruling be upheld." Torrey-Davidson & Grosscup v. Cameron & Co., 74 Tex. 190, 11 S. W. 1088.

In the absence of a bill of exceptions it has always been the rule that it will be presumed that the trial judge knew nothing about the request. Supreme Commandery Knights v. Rose, 62 Tex. 321. In that case there was a motion for conclusions, but nothing to show it had been called to the attention of the trial court.

The proper preservation and presentation in this record of a request to the court for the conclusions is the premise upon which appellant has to build, and the fact that the trial judge died prior to the expiration of the full time within which to obtain a bill of exceptions would not, we think, be a sufficient excuse to this court in the manner presented. The fact of the request, whether oral or written, is necessarily a part of the judicial proceeding, and must be incorporated into the record for our review in some appropriate manner to avail the defendant. This court, in its appellate jurisdiction, cannot now incorporate it because the judge died before the full time expired to obtain the bill of exceptions. Appellant made no application to the succeeding trial judge for the purpose of embodying that fact and that part of the proceeding in the record; and this is a fact of the record which could have been proven to belong to the record.

A trial court has the continuing power, after an adjournment for the term, to make its minutes and record speak the truth, but which has been in some manner omitted from its minutes; and this may be done nunc pro tunc in some instances, and even as to orders, though no written memorandum of the proceeding can be found to support a nunc pro tunc order. Ft. Worth & Denver City Ry.

Co. v. Roberts, 98 Tex. 43, 81 S. W. 25. This is an inherent power, possessed by a court over its own records, enduring for the sake of verity. Coleman v. Zapp et al., 105 Tex. 494, 496, 151 S. W. 1040.

[6] We see no obstacle in the way of an application to a succeeding judge for the purpose of making the record speak a fact actually existent in a judicial proceeding, and which, in some manner, should be a part of the record; but appellant did not see fit to take that course. The appellate court, in matters involving its jurisdiction, may, of course, ascertain certain facts, but this is not a question of jurisdiction—it is one to review an alleged error based upon an action represented to have been made in the trial court, and prayed to be taken as true, which action is connected with the rendition of the judgment, and a part of the proceeding before adjournment.

[7, 8] In the transcript there appears a written agreement for arbitration, also an award signed by two of the arbitrators with reference to differences between the parties as to damage due the appellant upon the issues in controversy. Appellant assigns that the court erred in rendering judgment upon the award of the arbitrators for the reasons: (1) That the same was not pleaded; and (2) that said award was not a binding obligation on the defendant because the same was signed by two instead of three of said arbitrators. The transcript shows that the defendant filed and presented objections to the trial court against the rendition of any judgment upon the agreement for arbitration and the award of the arbitrators. There appear two orders overruling the objections, and one of them recites that the defendant presented the objections against the action of plaintiff taking judgment "as per agreement on file." The final judgment recites:

"* * * The matters of fact, as well as of law, were submitted to the court, and the court, having heard the evidence, read the agreement of counsel filed in this cause, at a former term of this court, and, having fully considered the law and the evidence," etc.,

—thereafter the court rendering judgment for the debt and the foreclosure. A purported agreement and the award of the arbitrators, along with the pleadings in the case, were substituted on account of their loss. However the agreement and the award find no proper place in the transcript, except as a part of a statement of facts or in a bill of exceptions. If we knew judicially that the agreement was made and could consider that this was the only agreement in this record, and was the one referred to and mentioned in the judgment, as well as in the order overruling the objections, a different question might be presented, for the reason that the agreement for the arbitration might be considered a part of the judgment, and such an agreement, in order to permit the trial court to properly refuse to defendant a trial upon the issues embodied in his answer, might

have to be pleaded in replication in the nature of an estoppel; and a judgment entered upon such an agreement, without a pleading, might be an improper judgment, to say nothing of the other question of an award by two arbitrators instead of three. We cannot though judicially make or consider this agreement a part of the judgment, and are unable to say judicially that this judgment is based upon said agreement found in the transcript for arbitration; and, if we exclude from our minds the agreement and award we find in the transcript, this record does not exclude every theory upon any agreement that could be made as a foundation for the judgment, and which would have to be pleaded. The agreement mentioned in the final judgment is one between counsel, and not one between the parties. As early as 2 Texas, it is said:

"* * * It devolves on the party seeking a reversal to show that there is error in the judgment, and that unless he presents the case in such a manner as to show the error, *the presumption in favor of the correctness of the judgment must prevail.*" (The underscoring is Justice Wheeler's.) Chandler v. State, 2 Tex. p. 308.

It is true that proof of an essential fact not averred will not sustain a judgment, and this has been the rule since Able v. McMurray, 10 Tex. 350. But judicially we are unable to tell of what the agreement consists, and ordinarily it would not do to speculate that any agreement for a judgment as prayed for in the original petition would have to be pleaded, even if we could go to the extent of recognizing any portion of the objections, which the court overruled, as properly defining some portion of the agreement; but, at best, as a last analysis, we think, from this record, the only thing we can legitimately presume is that there was some agreement on file, which the court considered, along with some evidence as instigating the judgment. The presumption in favor of the proper action of the court, we think, must prevail over this conjectural condition. We feel impelled to affirm the judgment. Affirmed.

### On Motion for Rehearing.

[9] The first assignment in appellant's motion for rehearing is:

"Because this honorable court erred in failing and refusing to consider appellant's first assignment of error," etc.

We assume that appellant intended to assign that this court erred in "overruling" appellant's first assignment of error; we "considered" the assignment. Under this assignment—

"appellant asks that he have the privilege of going before the trial judge and having this matter [the deficiency of the record] presented to him in accordance with this court's opinion, and having the trial judge to approve the bill of exception and have it filed nunc pro tunc, and having this record completed on certiorari."

The apt reply of appellee, in regard to this matter, we quote:

"The appellant's motion, as a matter of fact, is not that he be granted a writ to bring up any omitted portions of the record in the case, but that he be granted a writ in order that he may go out and make a record and then bring it up."

[10] Even where there is a record to correct, the general rule is that an application to amend it is too late after the judgment of the Court of Civil Appeals has been rendered in the cause.

Appellant, in addressing himself to the opinion of this court on the question of the judgment, and the agreement found in the transcript, rather suggests the proposition that the certificate of the district clerk to the transcript, and the judgment of the district court, which refers to an agreement upon file by the attorneys, is a showing, equivalent to a statement of facts, that this is the only agreement, and the only record, upon which the final judgment of the district court could have been based. It is not necessary to distinguish a transcript proper, differentiated from a statement of facts and its function; the statutes and the decisions are ample on the subject. The final judgment of the trial court is based upon "evidence," a part of which is an agreement of counsel filed in the cause at a former term of the court. From Campbell v. Skidmore, 1 Tex. 475, it is continuously held that, where all the facts are not exhibited, the—

"judgment will be presumed to have been duly and rightly rendered, * * * unless the reverse is made to appear; and it is with the appellant to bring before the court such a case as shall counteract this presumption."

The motion for rehearing is, in all things, overruled.