W. D. PARIS v. J. K. DU BOSE, ADMINISTRATOR, &c.

The verity of the record of the court below can not be impeached, in this court, by affidavit.

The case of Harris v. Hopson (5 Texas Rep., 529,) referred to and explained.

ERROR from Hunt.   Tried below before the Hon. William S. Todd.

Suit by defendant in error against the plaintiff in error, on a promissory note for five hundred dollars.   Judgment by default at first term in favor of the plaintiff.

There is no assignment of errors; but two attorneys file affidavits that, after the return to the court below of the citation to the defendant, they examined the return of the sheriff endorsed thereon, and found it to be defective in not stating a delivery *to the defendant* of the copies of the writ and petition; that, in consequence of this defect in the return, no defence was interposed; that the sheriff's return remained defective, as aforesaid, up to and on the last day of the term, and after the judgment by default was taken, and that it was not amended at any time during the term; that, several months afterwards, they applied for the papers for the purpose of assigning errors, and found that the sheriff's return had been altered by the insertion of the words "to deft." in a different hand writing and ink from the rest of the return.   They further state, that the clerk of the court below drew up the petition for the plaintiff, but do not directly charge him with making the alteration.

*J. Farr*, for plaintiff in error.

WHEELER, C. J.—There is no error in the judgment apparent upon the record.   But we are asked to reject a part of the sheriff's return of service of the citation, rendering the return insufficient, upon the *ex parte* affidavits of two attorneys first presented in this court.   The verity of the record can not be thus impeached. We are aware of no precedent to warrant the supplying of an

omission in the record, or the rejecting a part of it by such means. In the case of Harris v. Hopson, (5 Tex. R., 529,) the affidavits were received for the purpose of preventing a fraud upon the jurisdiction of the court, and from the necessity of the case, there being no other mode of prevention. But here, it is proposed to make a material alteration of the record, by *ex parte* affidavits, in this court. Such a practice is inadmissible; and if allowed, would be of most dangerous consequence. It can not receive the sanction of the court.

The judgment is affirmed.

Judgment affirmed.