ENNIS MERCANTILE COMPANY v. MRS. M. M. WATHEN.

No. 924. Decided June 25, 1900.

**1. Statement of Facts—Failure to Sign—Assignment of Error.**

Error in failure of the trial judge to sign a statement of facts for an appellant who has used due diligence to secure it, can not be considered on appeal unless assigned as error. (P. 624.)

**2. Same—Motion in Appellate Court.**

A motion filed in the appellate court, showing the absence of a statement of facts in the record to have been the fault of the trial judge, and asking a reversal on that ground can not take the place of an assignment of error. (Pp. 624, 625.)

**3. Procedure on Appeal—Facts Outside Record.**

Except for ascertaining matters of fact necessary to the proper exercise of their jurisdiction (Revised Statutes, article 998), courts of civil appeals are confined to the record as made by the trial court, and they can not correct the same by hearing testimony, nor inquire into acts occurring subsequently to the rendition of the judgment and not made a part of the record. (P. 625.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Fifth District, on writ of error from Ellis County.

*Singleton & Bisland,* for plaintiff in error.

*W. H. Brown,* for defendant in error.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals for the Fifth District has certified to this court the following statement and questions:

"On the 24th day of September, 1898, the Ennis Mercantile Company, plaintiff in error, instituted a suit in the County Court of Ellis County against J. F. Stewart, and in said suit caused a writ of sequestration to issue, requiring the sheriff to take into his possession certain property alleged to be the property of defendant, consisting of about seventy acres of cotton raised by the defendant, J. F. Stewart, on the farm of Mrs. M. M. Wathen. Said writ was placed in the hands of the sheriff of Ellis County, who on the same day, to wit, 24th of September, levied the same by taking into his possession the said cotton. Thereafter, on the 28th of September, 1898, Mrs. M. M. Wathen, the defendant in error, filed a claimant's oath and bond under the terms of the statute, for the trial of the right to said cotton, and the sheriff thereupon turned the same over

to her. The sheriff valued the property at $250 and returned the oath and bond to the County Court of Ellis County. Issues were made up by the parties and a trial resulted in a verdict and judgment for the claimant. Motion for new trial was filed by the plaintiff in error, the same was overruled by the court, and the case was duly appealed to this court upon writ of error filed by the said Ennis Mercantile Company. The plaintiff in error, on the same day that the transcript was here filed, also filed in this court a motion asking this court to reverse the judgment of the trial court and remand the case, because it is alleged that great injustice has been done it, and that it has been deprived of its legal right to have a statement of facts approved and filed in the case without any fault of its own or its attorneys of record. The motion fairly shows that the plaintiff in error caused a statement of facts to be prepared and presented to the trial judge in time for him to have examined, signed, and approved the same or to have prepared a correct statement if, in his opinion, the statement presented was not a fair statement. It further showed that the statement of facts was not signed by the judge because of the sickness of his mother, which prevented him from attending to the business of the court. It is further shown that a mandamus from this court to the trial judge to compel him to prepare and approve a statement of facts would not have been effectual for the reason that the term of office of the trial judge terminated and his successor qualified before the writ of mandamus could have been enforced. It fairly appears that the plaintiff in error was not at fault in failing to have a statement of facts approved, signed, and filed in the case within the time required by statute and the order of the court in the case giving ten days after judgment in which to file the statement. The motion further alleges that the plaintiff in error has a meritorious defense to the claimant's claim to the property and that there is merit in the appeal. The facts are shown by affidavit attached to the motion. Affidavits were also filed in the trial court setting up the facts, copies of which are embraced in the transcript.

"The plaintiff in error has not assigned as error the failure on the part of the trial judge to approve and sign the statement of facts presented to him, or his failure to prepare a statement of his own, if the statement presented was not correct.

"The only way in which the question is raised is by a motion accompanied by affidavits setting out the facts, promptly filed in this court, and in which this court is requested to reverse the judgment and remand the case because of the failure on the part of the trial judge to approve and sign the statement of facts.

"Question 1.—Can the failure of a trial judge to sign a statement of facts be considered upon appeal, unless complaint against the omission is brought up in the assignment of errors?

"Question 2.—Is the effect of a motion promptly filed in this court, showing the absence of a statement of facts in the record to have been the fault of the trial judge and asking a reversal upon that ground,

equivalent to assigning such omission as error and causing the same to be incorporated in the record?"

The following article of the Revised Statutes prescribes the basis for exercise of appellate jurisdiction by courts of civil appeals: "In all cases of appeal or writ of error to the courts of civil appeals, the trial shall be on a statement of facts or agreed statement of the pleadings and proof as agreed upon by the parties or their attorneys, or the conclusions of law and fact, as the case may be, certified to by the judge of the court below; or, should the parties fail to agree, then the judge of the court below shall certify the facts; or on a bill of exceptions to the opinion of the judge; or on a special verdict; or on an error in law, either assigned or apparent on the face of the record; and in the absence of all these, the case shall be dismissed with costs alone, or with costs and damages, at the discretion of the court. And the court shall admit as part of the record to be examined by them in the trial of a cause every bill of exceptions not signed by the judge trying the cause below, upon its appearing to the satisfaction of the court that the facts are fairly stated therein, that said bill was prepared in accordance with the law governing the preparation of such bills, and that the judge trying the cause refused to sign the same; and the truth of any such bill of exceptions shall be determined by the court on the copies of the affidavits required by law to be made in such case, such copies to be contained in and to form a part of the record transmitted to the Court of Civil Appeals." Article 1018 of the Revised Statutes is in the following language and controls the time and manner of assigning errors: "The appellant or plaintiff in error shall in all cases file with the clerk of the court below all assignments of error, distinctly specifying the grounds on which he relies, before he takes the transcript of the record from the clerk's office; all errors not distinctly specified are waived." Together, the two articles confine the action of the Court of Civil Appeals on appeal or writ of error to such matters as are made to appear of record by one of the methods stated in article 1014, and which are presented to the court by an assignment of error pointing out the matter complained of as it appears in the record of the case, and to fundamental errors apparent of record. Matters not assigned, except fundamental errors, are not subject to revision and correction by the appellate court. In the absence of any of the matters mentioned, the case must be dismissed, which supports the conclusion that the power of the court is confined to the subjects named.

The failure of the judge in this case to approve the statement of facts presented to him or to make one in case of disagreement of the parties does not appear in the record in any manner specified by the statute and was not a proper subject for assignment. Authority to inquire into the existence of facts not contained in the record is conferred upon the courts of civil appeals by article 998, which reads as follows: "The said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to

the proper exercise of their jurisdiction." This article restricts the power of the Court of Civil Appeals to inquire into matters of fact not appearing in the record to such as affect its jurisdiction. The failure of the county judge to sign the statement of facts in this case does not affect the jurisdiction of the Court of Civil Appeals, and therefore does not come within the authority conferred by the statute upon those courts to inquire into facts not contained in the record.

The appellate jurisdiction of the courts of civil appeals is directed to the correction of errors committed in the course of proceedings prior to and connected with the rendition of the judgment, and they are confined to the record as it is made by the trial court. Willis v. Smith, 90 Texas, 635; Boggess v. Harris, 90 Texas, 476. A court of civil appeals can not correct the record of a case by hearing testimony, nor can it inquire into acts occurring subsequently to the rendition of the judgment and not made a part of the record. Davis v. Thomas, 5 Texas, 389.

We answer each question in the negative.