## GIBSON v. SINGER SEWING MACH. CO.

(Court of Civil Appeals of Texas. San Antonio. March 13, 1912.)

1. APPEAL AND ERROR (§ 670*)—RECORD—CONTRADICTING BY AFFIDAVITS.

A recital in the order overruling a motion for a new trial, copied in the record, of the giving of notice of appeal cannot be contradicted by affidavits of the trial judge, deputy county clerk, and appellee's counsel; Rev. St. 1895, art. 998, authorizing the Court of Civil Appeals, through affidavits or otherwise, to ascertain such matters of fact as may be necessary for the proper exercise of its jurisdiction only referring to matters of fact not appearing in the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2865, 2866; Dec. Dig. § 670.*]

2. STATUTES (§ 107*)—SUBJECTS AND TITLES.

Acts 32d Leg. c. 119, providing for the appointment of stenographers, prescribing their qualifications and duties and the time and method of making up and filing the statements of facts and bills of exception, are not unconstitutional as containing more than one sub-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

ject; the provisions all referring to the subject of the preparation of appellate records.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 121–134; Dec. Dig. § 107.*]

Appeal from Bexar County Court; Geo. W. Huntress, Judge.

Action by W. H. Gibson against the Singer Sewing Machine Company, in which plaintiff appealed from an adverse judgment. On motion to dismiss appeal. Motion overruled.

Burnett & Storms, for appellant.

FLY, J. [1] Appellee seeks to dismiss this appeal, because no notice of appeal was given by appellant to this court, and also to strike out the statement of facts. In the decree overruling the motion for new trial, which is copied into the record in this case, is found the following recital: "To all of which exception is taken for plaintiff, and notice of appeal, by plaintiff, given to the Fourth Court of Civil Appeals at San Antonio, Texas." Appellee seeks in this court to contradict that recital by affidavits of the county judge, the deputy county clerk, and counsel for appellee, to the effect that neither appellant nor his counsel gave any notice of appeal, but that the order noting the exception and giving notice of appeal was gratuitously entered by the trial judge in the absence of appellant and his counsel. We cannot entertain any attempt to falsify and set aside the solemn order of a court, which is a part of the record, by ex parte affidavits. Associate Justice Neill, speaking for this court, declares the rule to be as follows: "In passing upon the question raised by this assignment, we can only consider such matters as are disclosed by the record. This requires us to exclude from our consideration, as being no part of the record, the affidavit of appellee's counsel and certificate of the clerk, made after the appeal was perfected, and filed for the first time in this court, to the effect that the record does not speak the truth, and that in fact the order transferring the cause to the Thirty-Fourth district was made after the one setting aside the judgment of nonsuit." Railway v. Winton, 27 Tex. Civ. App. 506, 66 S. W. 477. It is true that article 998, Rev. Stats., gives authority to Courts of Civil Appeals to ascertain, through affidavits or otherwise, such matters of fact as may be necessary to the proper exercise of their jurisdiction; but such inquiry is restricted to matters of fact not appearing in the record. Ennis Merc. Co. v. Wathen, 93 Tex. 622, 57 S. W. 946; W. U. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945. We have seen no case in which the recitals in a judgment of the lower court could be attacked by affidavits in the appellate court.

[2] It is further claimed by appellee in its motion that the laws of 1907, 1909, and 1911, which provide for the appointment of stenographers, prescribe their qualifications and duties and prescribe the time and method of making up and filing statements of facts and bills of exception, are unconstitutional, and especially the act of 1911, under the provisions of which this record was prepared. The ground advanced is that the bill contains more than one subject. We do not think the contention should be sustained. The whole of the law applies to the preparation of records for appeal, which is one subject, and which is expressed in its title. Railway v. State, 109 S. W. 867.

It is also contended that, because the statement of facts was not filed until about 25 days after adjournment of the county court, it should be stricken out. The claim is that the act of 1911, p. 264 (General Laws, Regular Session, 32d Legislature), does not apply to county courts; but we find in section 12 of the act that either party to the suit may apply for the appointment of a stenographer to report the oral testimony, and "in such cases the provisions of this act with respect to the preparation of the statement of facts, the time to be allowed therefor, and for the presentation to the opposite party, and the approving and filing thereof by the court, shall apply to all statements of facts in civil causes tried in the county court, and all provisions of law governing statements of facts and bills of exception to be filed in district courts and the use of the same on appeal, shall apply to civil causes tried in the county courts." In section 7 of the act, 30 days after the day of adjournment of court are granted in which to prepare statements of fact and bills of exception. The court adjourned on December 23, 1911, and the statement of facts was filed on January 18, 1912, 20 days after the day of adjournment of court. The statement of facts was prepared by the judge, who could, under the provisions of section 7, have such time to prepare the statement of facts as he deemed necessary, within the limits of the time in which the transcript should be filed in the appellate court. To make it absolutely certain that statements of facts shall not be stricken out, section 7 of the act concludes: "Provided that any statement of facts filed before the time for filing the transcript in the appellate court expires, shall be considered as having been filed within the time allowed by law for filing same."

The motion is overruled.