## DENNIS v. KENDRICK.

(Court of Civil Appeals of Texas. Amarillo. Feb. 7, 1914.)

1. TRIAL (§ 390*)—CONCLUSIONS OF LAW AND FACT—CONSIDERATION.

Findings of fact and conclusions of law filed after the time fixed by statute cannot be considered on appeal.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 913; Dec. Dig. § 390.*]

2. TRIAL (§ 392*)—FINDINGS OF FACT—CONCLUSIONS OF LAW—REQUESTS.

Under Rev. Civ. St. 1911, art. 1989, providing that, on a trial by the court, the judge shall, at the request of either party, state in writing his conclusions of law or fact, where the court acted on a verbal request, and had an order reciting the request entered, a written request is not a condition precedent, even though it is a better practice.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

3. TRIAL (§ 392*)—FINDINGS OF FACT—CONCLUSIONS OF LAW—REQUESTS.

Where plaintiff's counsel, after an adverse finding, orally requested the court to file his findings of fact and conclusions of law, and the court had the request entered upon the docket, his failure to file such findings will necessitate a reversal, even though he did not understand the purport of the request; it not appearing that plaintiff's counsel knew that he did not understand.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 916–919; Dec. Dig. § 392.*]

4. APPEAL AND ERROR (§ 670*)—RECORD—AFFIDAVITS.

The verity of the record filed in the appellate court cannot be controverted by affidavits.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2865, 2866; Dec. Dig. § 670.*]

Appeal from Dallam County Court; T. S. Mills, Judge.

Action by F. R. Dennis against A. S. Kendrick. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Moore, Harrington & Powell, of Dalhart, for appellant. W. B. Chauncey and Clifford Braly, both of Dalhart, for appellee.

HALL, J. On a former day of this term we affirmed the judgment of the trial court, stating in the opinion that the record showed no application to the judge for an extension of time in which to file bills of exception, and that no time was granted.† We were correct in the first part of this statement; but appellant's motion has called to our attention permission by the trial court, appended to the order overruling plaintiff's motion for new trial, to file bills of exception within 60 days. In accordance with this permission, appellant's bill has been filed within due time.

[1] The first assignment of error is based upon the failure of the court to file findings of fact and conclusions of law. The bill of exception taken to this action of the court contains the following qualification and explanation: "Request for findings of fact and conclusions of law was made to me by counsel for plaintiff after motion for new trial had been overruled, and the case passed on the docket, and while other cases on the docket were being called, and also at a time when neither of defendant's counsel were in the courtroom, but were in courtroom immediately before request was made to the court. I was at the time busily occupied with other matters on the docket, and did not fully understand the request made by counsel for plaintiff, and simply told said counsel to write on the docket exactly what he wanted. Said counsel thereupon made the entry cited in bill on docket. Nothing further was said or done about the matter, nor did I know the exact nature of counsel's request, until on or about the 22d day of June, 1913, when I received the foregoing bill of exception through the mail. At all of the times from the adjournment of my court, on May 10, 1913, up until I left Dalhart for Baird, Tex., June 17, 1913, I was in Dalhart, where plaintiff's attorneys resided, and there accessible at all times. I was called to Baird by the serious illness of my daughter at that place, but was only absent from Dalhart between the 17th and 21st days of June, 1913. At no time prior to said 22d day of June, 1913, was my attention called to this request for findings and conclusions by counsel for plaintiff or any one else, nor did I have occasion to look over my docket, and see said entry made by counsel for plaintiff, as heretofore stated. Had I been informed that plaintiff desired said findings and conclusions, I could and would have promptly prepared same. Since the matter has been recalled to me by receipt of the foregoing bill, I have prepared said requested findings of fact and conclusions of law, and have caused same to be filed with the clerk of this court on this date, and same are hereby tendered to plaintiff this June 30, 1913. T. S. Mills, County Judge, Dallam County."

Appellee offers in his brief to consent to the filing of the findings and conclusions since prepared by the court. Even if we should permit this to be done, findings and conclusions filed after the time allowed by law could not be considered by us. State v. Pease, 147 S. W. 649; Velasco Fish & Oyster Co. v. Texas Co., 148 S. W. 1184.

[2] Appellee further insists that, because the appellant's request to file findings and conclusions was not in writing, the court should not have considered it. R. S. of 1911, art. 1989, is as follows: "Upon a trial by the court, the judge shall, at the request of either of the parties, state in writing the conclusion of fact found by him, separately

from the conclusions of law; which conclusions of fact and law shall be filed with the clerk and shall constitute a part of the record." While it is true that in some opinions of the Supreme Court and of the Courts of Civil Appeals the statement is made that requests for findings and conclusions "were filed," we have found no case in which the question was squarely considered, and the rule that written requests should be made is announced. It is held, in People v. Littlejohn, 11 Mich. 60, that under circuit court rule 87, requiring a written request for findings, a written request is not necessary, except where a party desires a detailed finding on the facts of the case as well as on the questions of law; and in 8 Stand. Enc. of Prac. 1007, it is said: "It is the usual and proper practice simply to request the court to make separate findings of fact and conclusions of law upon all material points involved in the case, it not being necessary to prepare and submit written requests for particular findings as is required where the trial is to a jury and special findings of fact are desired, except in those jurisdictions where additional request for the incorporation of specified facts in the findings is provided for." Vickers v. Buck, etc., Co., 70 Kan. 584, 79 Pac. 160; Atchison, etc., Ry. Co. v. Ferry, 28 Kan. 686. Whatever the rule may be, and notwithstanding it is our opinion that the safer and better practice would be to make the request in writing, although the statute does not seem to require it, we are not willing to hold that a written request was a condition precedent in this case where the court acted upon a verbal request, and had the order entered.

[3] By referring to the court's qualifications, set out above, it will be seen that he was ignorant of the purpose and effect of the request and order which counsel for appellant made and entered upon the docket. It has been held, in Lumpkin v. Marress, 102 S. W. 1169, and Kemp v. Everett, 126 S. W. 899, that it was the duty of appellant's counsel to do more than make the request; but these cases seem to have gone off upon the failure of appellant to present the matter by proper bills of exception. The general rule is that the court has no right to qualify a bill of exceptions. As said by Reese, Justice, in Brunner Fire Co. v. Payne, 54 Tex. Civ. App. 501, 118 S. W. 603: "In the absence of something in the way of a bill of exceptions signed by the judge or bystanders, under the statute, we cannot say that the qualification of the bill by the court was not done with consent of appellant. Without such consent the judge had no right to qualify the bill, but should have either signed it, or, if not correct, should have indorsed his refusal to do so, and should then have made out and filed what he considered a proper bill, leaving appellant to his remedy of a bill by by-

standers, under the statute, if he was not satisfied with such bill. The statute (Sayles' Annotated Civil Statutes 1897, arts. 1367, 1369) prescribes very clearly the duties of the judge and the rights of litigants in such cases, and should be observed." In this case however, while the trial judge states that he did not fully understand the request, and did not know that he was expected by appellant to file his findings and conclusions, it does not appear that appellant's counsel was aware of the court's want of understanding. The bill, and the qualification as well, shows that the request was made in open court, and entered by order of the trial judge upon the docket by appellant's attorney, and in our opinion appellant had the right to expect that the request would be granted, and the findings and conclusions filed. We know of no rule requiring plaintiff's counsel to make the request more than once, nor to follow this request by repeated applications to the court to perform a plain statutory duty.

[4] Affidavits have been filed by one of appellant's counsel and by a bystander, controverting in some particulars the statement of facts set out in the court's qualification. It has been frequently held that the verity of the record filed in this court cannot be impeached by such affidavits. Hamilton v. Saunders, 37 Tex. Civ. App. 141, 84 S. W. 253; Paris v. Du Bose, 27 Tex. 6; King v. Summerville, 80 S. W. 1050; Albright v. Corley, 40 Tex. 106. We think, if the record disclosed that appellant's counsel knew that the court did not fully understand the request, and he then failed to call the court's attention specifically to it, then the judgment should be affirmed, and appellant's first assignment should be overruled.

Because of the failure of the court to file the findings and conclusions, the judgment must be reversed, and the cause remanded.

One other assignment of error is urged by appellant, to the effect that the court erred in not sustaining plaintiff's plea of estoppel, as set up in plaintiff's first supplemental petition. This assignment has already been discussed in our original opinion, and no further discussion of it is deemed necessary here.

Reversed and remanded.