**SUMRALL v. RUSSELL et al. (No. 1506.)**

(Court of Civil Appeals of Texas. El Paso. May 29, 1924. Rehearing Denied June 19, 1924.)

**1. Appeal and error ⛛⇒662(1)—Transcript of trial court proceedings imports verity.**

The transcript of proceedings in the trial court, certified under hand and seal of its clerk, imports verity.

**2. Appeal and error ⛛⇒668—Appellate court considers evidence dehors record to determine jurisdiction.**

In a proper case, the appellate court will consider evidence dehors the record to determine whether it has acquired jurisdiction of an appeal, but not if it contradicts the record.

**3. Appeal and error ⛛⇒670(2)—Affidavit of clerk of district court on motion to set aside judgment of no effect.**

On motion, in the Civil Court of Appeals, to set aside a judgment of affirmance and dismiss a case from the docket, an affidavit of district court clerk that judgment was not entered in the minutes, *held* entitled to no effect, since it attacked the verity of the transcript certified to under his hand and seal.

Action by T. A. Russell and others, against L. Sumrall. Judgment for plaintiffs was affirmed, and defendant moves to set aside affirmance and dismiss the case from the docket. Motion denied.

Burkett, Orr & McCarty, of Eastland, for appellant.

Dabney & Callaway, of Eastland, and Davidson & Hickman, of Abilene, for appellees.

HIGGINS, J. This is an appeal from the district court of Eastland county to the Court of Civil Appeals of the Second Supreme Judicial District, sitting at Fort Worth. The record was filed in that court on October 26, 1922; the transcript being certified in due form under the hand and seal of Roy Nunnally, clerk of the district court of Eastland county, by Elzo Been, deputy. By order of the Supreme Court the appeal was transferred to this court, and the record filed here on February 5, 1923.

The case was ordered set for submission on May 24, 1923, but upon request of appellant's counsel submission was postponed until the 2d day of October, 1923. On October 11, 1923, this court affirmed the judgment of the lower court. On October 24, 1923, appellant filed a motion for rehearing which was overruled November 8, 1923, with a written opinion. 255 S. W. 239.

On November 15, 1923, appellant filed a second motion for rehearing which was overruled on the 22d day of November, 1923. On December 6, 1923, appellant filed an application for a writ of error to the Supreme Court, which was dismissed for want of jurisdiction on January 22, 1924. On March 24, 1924, appellant filed in this court a motion to certify to the Supreme Court the question of whether or not appellant has a constitutional lien against the lots owned by Russell. This motion was overruled on the 3d day of April, 1924.

Notwithstanding this court had already ruled upon the question, the appellant, on April 14, 1924, filed a second motion to certify, which was overruled on the 24th day of April, 1924.

Having thus exhausted all of his remedies in this court and the Supreme Court, endeavoring to secure reversal upon its merits, the appellant on May 16th filed a motion to set aside the judgment of affirmance and to dismiss the case from the docket of this court, setting up that the judgment of the district court of Eastland county, shown on page 54 of the transcript, had never in fact been entered in the minutes of the district court, and therefore this court has no jurisdiction of the appeal. In support of the motion there is attached the affidavit of the said Roy Nunnally, clerk of said court, that there is no such judgment entered in the minutes of the district court of Eastland county, so far as he can find after a careful search, though he does find among the original court papers what appears to be the original decree, which bears no indorsement or file mark.

[1, 2] The transcript of the proceedings in the trial court certified under the hand and seal of its clerk imports verity. In a proper case this court has the power and will consider evidence dehors the record to ascertain whether it has acquired jurisdiction of an appeal. But it cannot consider evidence aliunde contradicting the record. Paris v. De Bose, 27 Tex. 6; Dennis v. Kendrick (Tex. Civ. App.) 163 S. W. 693; Gibson v. Singer Sewing Mach. Co. (Tex. Civ. App.) 145 S. W. 633; Southern Pacific Co. v. Winton, 27 Tex. Civ. App. 503, 66 S. W. 477.

[3] The affidavit of Nunnally is an attack upon the verity of the transcript which he has certified to under the seal of his office, and we decline to give it any effect.