**SUMRALL v. RUSSELL et al.　(No. 11306.)**

(Court of Civil Appeals of Texas. Fort Worth. Feb. 21, 1925. Motion to Certify Denied March 21, 1925.)

**1. Appeal and error ⟨key⟩14(½)—Appeal from judgment, entered by nunc pro tunc order affirmed by another court, will be dismissed.**

Appeal from judgment, entered by nunc pro tunc order, will be dismissed, where appellant had one appeal from same judgment to another court of civil appeals, which appeal was decided as if judgment against appellant had in fact been entered of record.

**2. Courts ⟨key⟩481—Court of Civil Appeals cannot review in same case and from same judgment decision of a similar court.**

A court of civil appeals cannot review in same case and from same judgment a decision of another court of civil appeals.

Appeal from District Court, Eastland County; Geo. L. Davenport, Judge.

Action by L. Sumrall against T. A. Russell and others. Judgment for defendant named, and plaintiff appeals. On motion to dismiss appeal. Motion granted.

Burkett, Orr & McCarty, of Eastland, for appellant.

Davidson & Hickman, of Abilene, and Dabney & Callaway, of Eastland, for appellees.

BUCK, J. Appellant, L. Sumrall, plaintiff below, filed this suit in the Ninety-First District Court of Eastland county. Issues were joined. The cause was submitted to a jury on special issues, and upon the answers of the jury the court entered judgment for defendant T. A. Russell, denying a recovery by plaintiff, and by certain interveners who had come into the case. Plaintiff filed his motion for new trial, which was by the trial court overruled. An appeal was taken to this court and the cause was transferred by the Supreme Court to the Court of Civil Appeals sitting at El Paso, which court affirmed the judgment on October 11, 1923, and motion for rehearing was overruled on November 8, 1923 (255 S. W. 239). On November 15, 1923, a second motion was filed and overruled. Appellant then filed an application for writ of error to the Supreme Court, which was dismissed for want of jurisdiction on January 2, 1924. On March 24, 1924, appellant filed in the El Paso Court of Civil Appeals a motion to certify to the Supreme Court a question alleged to be involved, and this motion was on April 3, 1924, overruled. A second motion to certify was then filed, and by the court overruled on April 24. The appellant then filed a motion to set aside the judgment of affirmance and to dismiss the appeal, on the alleged ground that the judgment in the district court had never in fact been entered on the minutes of the court. The El Paso Court of Civil Appeals overruled this motion (262 S. W. 507), and said:

"Having thus exhausted all of his remedies in this court and the Supreme Court, endeavoring to secure reversal upon its merits, the appellant on May 16th, filed a motion to set aside the judgment of affirmance and to dismiss the case from the docket of this court, setting up that the judgment of the district court of Eastland county, shown on page 54 of the transcript, had never in fact been entered in the minutes of the district court, and therefore this court has no jurisdiction of the appeal. In support of the motion there is attached the affidavit of the said Roy Nunnally, clerk of said court, that there is no such judgment entered in the minutes of the district court of Eastland county, so far as he can find after a careful search, though he does find among the original court papers what appears to be the original decree, which bears no indorsement or file mark.

"The transcript of the proceedings in the trial court certified under the hand and seal of its clerk imports verity. In a proper case this court has the power and will consider evidence dehors the record to ascertain whether it has acquired jurisdiction of an appeal. But it

274 S.W.—41

cannot consider evidence aliunde contradicting the record. Paris v. Du Bose, 27 Tex. 6; Dennis v. Kendrick (Tex. Civ. App.) 163 S. W. 693; Gibson v. Singer Sewing Mach. Co. (Tex. Civ. App.) 145 S. W. 633; Southern Pacific Co. v. Winton, 27 Tex. Civ. App. 503, 66 S. W. 477.

"The affidavit of Nunnally is an attack upon the verity of the transcript which he has certified to under the seal of his office, and we decline to give it any effect."

On October 2, 1924, the district court granted the motion of defendant Russell to enter nunc pro tunc, on the minutes of the trial court, the judgment theretofore, on, to wit, the 1st day of July, 1922, rendered but not entered on the minutes. To this judgment, so entered by nunc pro tunc order, the plaintiff filed his motion for new trial October 4, which motion was overruled on the same day. An appeal bond was filed on October 23, 1924.

Appellee has filed his motion to dismiss the appeal. He urges that appellant had one appeal from the judgment of the trial court, and that the appeal was decided as if the judgment against appellant was in fact entered of record in the minutes of the trial court; that the judgment rendered, and upon which the appeal was first taken, bears the approval of appellant's then attorneys, and was in fact the same judgment as shown in the present transcript, and from which this appeal is taken. We find this to be true. Appellant, on the other hand, contends that the action of the Court of Appeals sitting at El Paso was in effect null and void in that said court was without jurisdiction to pass on the merits of the appeal, inasmuch as no judgment had, at the time it disposed of the case on its merits, been entered on the minutes of the trial court.

[1, 2] At the time the El Paso Court of Civil Appeals passed on the motion to dismiss the appeal, that court certainly had jurisdiction of that motion, and it overruled the motion for the reasons stated, which appeared sound to the court. Appellant's only remedy was an application for a writ of error to the Supreme Court. This court cannot review in the same case and from the same judgment another court of Civil Appeals decision. So far as this court is concerned, the decision rendered by the El Paso Court of Civil Appeals is res judicata of the question there decided. Any other conclusion and practice would probably result in two different decisions by different courts of civil appeals in the same case.

The cause is stricken from the docket.