**FOTY et al. v. ROTCHSTEIN.**

No. 11240.

Court of Civil Appeals of Texas. Dallas.

May 28, 1932.

Billingsley & Billingsley, of Fort Worth, and Finley, Wolfe & Barron, of Sherman, for appellants.

Brame & Brame, of Sherman, for appellee.

**LOONEY, J.**

Appellants make application for a writ of certiorari directed to the trial court and clerk as a means of perfecting the record, by having certain omitted matter supplied, and certain matter erroneously included expunged. The application, supported by affidavit and exhibits, alleges in substance that a judgment, materially different from the judgment originally pronounced, written up and signed by the trial judge, was entered after appellants' motion for a new trial had been overruled and notice of appeal to this court given; that appellants were without notice or knowledge of the substituted judgment until after receiving the transcript on appeal, which contained only the later or substituted judgment. Appellants allege further that, after the case was tried on plaintiff's original petition, judgment pronounced, and motion for new trial overruled, there was filed, as of the day of the trial and without notice to appellants, plaintiff's so-called first supplemental petition containing new matter; that the same was an afterthought, an attempt to cure defects in the original petition, and de-

signed to render the alleged substituted judgment more secure.

Appellants pray that they be allowed thirty days within which, by appropriate proceedings, to have the trial court correct the alleged errors in the record by supplying proper matter omitted, and expunging matter not properly belonging thereto; that said court be directed to hear and determine the questions, that the proceedings on said hearing, including the evidence, be by the clerk properly certified to this court, and, for the accomplishment of these purposes, that a writ of certiorari issue.

 Appellee has contested the application and supports the contest by affidavit, but the issues thus framed cannot be determined by this court, as our authority to inquire into the existence of facts not contained in the record is limited by statute to such inquiries as may be necessary to the proper exercise of the jurisdiction of this court. See article 1822 (1593) (998), R. S. 1925. Material alterations of the record certified to by the clerk below and filed in this court, such as correcting errors, supplying matter improperly omitted, and rejecting matter erroneously included, can only be had in the court having jurisdiction of the record. See Paris v. Du Bose, 27 Tex. 6; Dennis v. Kendrick (Tex. Civ. App.) 163 S. W. 693, 694; Sumrall v. Russell (Tex. Civ. App.) 262 S. W. 507; Boggess v. Harris, 90 Tex. 476, 39 S. W. 565; Willis & Bro. v. Smith, 90 Tex. 635, 40 S. W. 401; Ennis, etc., v. Wathen, 93 Tex. 624, 625, 57 S. W. 946.

In the case of Boggess v. Harris, supra, the Supreme Court had before it this situation: After the statement of facts was approved by the trial judge and filed with the clerk, thus becoming a part of the record, counsel for plaintiff in error, without the knowledge or consent of the judge, interlined certain material language, and, because of the unauthorized interlineation, defendant in error filed a motion to strike out the statement of facts as a whole, which was sustained by the Court of Civil Appeals, but its action in this respect was reversed by the Supreme Court in an opinion by Judge Denman, who said: "If, however, as in this case, a paper which is prima facie properly part of the transcript be correctly copied therein, and it is sought to strike it out in whole or in part, by showing that a portion thereof, as it appears on file in the lower court, was improperly written therein, the proceeding for that purpose can only be had in the court having jurisdiction of the original record of which said paper is a part; for, in the absence of some special provision, each court has exclusive jurisdiction of proceedings to determine the correctness of or to change the face of its own records. Therefore the court of civil appeals was without jurisdiction to determine whether the portion of the statement of facts objected to was improperly written therein; but, upon the filing of said motion, it might have delayed proceedings in the cause until appellee could, by appropriate proceedings, have had the court below determine that question, and make its record speak the truth, and thereupon might have issued a writ of certiorari to bring up such corrected record, and this course can still be taken."

 We therefore grant appellants' motion and allow thirty days within which appropriate proceedings in the trial court may be had to determine the questions presented, in order that the record may speak the truth; and the clerk of the court below is directed to certify to this court a transcript of the proceedings on said hearing, including the evidence, if any, and further proceedings here will be suspended pending said hearing and the certification thereof to this court.

Motion for certiorari granted, with instructions.