## ROBERSON et ux. v. KECK.

### No. 13706.

Court of Civil Appeals of Texas. Fort Worth.

June 25, 1937.

Rehearing Denied Sept. 24, 1937.

True Strong, of Nocona, for appellants.

Donald, Kearby & Donald, of Bowie, for appellee.

SPEER, Justice.

L. Keck, hereinafter referred to as appellee, sued O. G. Roberson and his wife,

Madge Roberson, who will be referred to as appellants, in the district court, of Montague county for title and possession of certain real estate, and for rentals during the time appellants were alleged to have wrongfully withheld from appellee the possession of the property.

On February 13, 1937, the court rendered judgment in favor of appellee for title and possession of the real estate, and against appellants for $240 as rentals due for wrongful detention.

On March 3, 1937, appellants filed their supersedeas appeal bond in the sum of $1,000, signed by appellants as principals and by T. B. Cunningham, A. P. Howard, and W. W. Price, as sureties.

No record having been filed in this court, on May 13, 1937, the appellee filed his motion to have the judgment of the trial court affirmed on certificate. Appellee's motion was accompanied by a certified copy of all necessary proceedings had in the trial court, required by article 1841, R.C.S. 1925.

On May 28, 1937, and prior to the submission of appellee's motion to affirm on certificate, appellants filed in this court their answer or replication to appellee's motion to affirm, in which answer it is claimed that this court is without jurisdiction to enter an order of affirmance on certificate as prayed for, because: The notice of appeal given by appellants in the trial court was not filed within two days from the date on which judgment was rendered; nor were such exceptions to the court's judgment and notice of appeal given by appellants in open court, nor during the term of said court at which judgment was rendered. By appellant's challenge to the jurisdiction of this court, it is claimed that the term of court at which judgment was entered could only continue for six weeks and that the term expired by operation of law on February 13, 1937, the date on which judgment was rendered, and that the term was not extended beyond that time for any purpose. That immediately after the rendition of judgment in this case, Judge Earl Hall signed the minutes for the term and left town. Judge Hall resided in Henrietta in Clay county, Tex. That counsel for appellants endeavored to find the Judge but learned he had gone to Austin, Tex. That counsel prepared and left at the home of Judge Hall, in Henrietta, Tex., the notice of appeal filed in this cause. (This instrument will be hereinafter set out.) Allegations were made that Judge Hall returned and received the instrument on February 15, 1937, and mailed it to the clerk of the district court of Montague county, where it was received on February 20, 1937, and, under order of the judge, it was filed as of date February 13, 1937, the day on which judgment was rendered. The allegations of appellants' motion are supported by the affidavits of Judge Earl Hall and Chas. C. Cox, presiding judge and clerk, respectively, of the district court of Montague county. Prayer was that the case be not affirmed on certificate, but that the appeal be dismissed for want of jurisdiction in this court to enter any other order in the case.

The motion of appellee is sufficient in all respects to require the affirmance of the judgment below on certificate, unless by the replication of appellant and the accompanying affidavits we should find we are without jurisdiction. The certificate presented by appellee discloses the proceedings in the trial court, the judgment rendered, exceptions thereto and notice of appeal, and the filing of the supersedeas appeal bond. Upon the face of the record these matters are all regular and within proper time to confer jurisdiction upon this court. The replication and motion of appellant with attached affidavits of the judge and clerk show the recitations in the record, to the effect that exception to the judgment rendered and notice of appeal given in open court within the time shown therein are false.

Article 1822, Rev.Civ.Statutes 1925, relating to Courts of Civil Appeals, provides: "Said courts shall have power, upon affidavit or otherwise as by the courts may be thought proper, to ascertain such matters of fact as may be necessary to the proper exercise of their jurisdiction."

■ The foregoing article of our statutes has been discussed by the courts many times. A motion by appellant to dismiss the appeal for the reasons shown, in so far as we are able to find, has not been before the courts in any of the adjudicated cases; they have either been requests by appellants to supply a defective record with elements essential to the jurisdiction of the appellate court, which were inadvertently omitted from a transcript of the record, or, in some instances, as shown, was attacked by appellee in an effort to show it did not speak the truth, in consequence of which the appeal should be dismissed. In the case before us the appellants who relied upon the record as made, and here shown, for their appeal, seek by ex parte affidavits

to show the record does not speak the truth in the matters above pointed out, and therefore we are without jurisdiction. We are not to be understood as holding that the question of our jurisdiction in the case could not be raised by appellants, who invoked it, the same as could the appellee, since it is a matter that could not be waived by either or both parties.

The construction of the above statute as revealed by the decisions is not at all harmonious. The chief difference between the adjudicated cases seems to be when and under what circumstances may the record of proceedings had in the trial of cases, and its preparation for appeal after rendition of judgment, be attacked and impeached by ex parte affidavits or other evidence dehors the record.

These differences are recognized in Texas Jurisprudence, vol. 3, p. 438, § 309, where it is said: "Under the foregoing provisions (Art. 1822, supra) the usual rule as to the necessity for correcting the record in the trial court does not apply when the issue is one affecting the jurisdiction of the appellate court. The Court of Civil Appeals may receive and consider affidavits or other evidence dehors the record for the purpose of determining whether it has jurisdiction of an appeal. * * * Affidavits or other extrinsic evidence will be received and considered when they present facts affecting the jurisdiction of the appellate court which arose after final determination of the case and which could not have been put in issue in the trial court. But according to some of the Courts of Civil Appeal, the power is limited to matters not appearing of record, and evidence aliunde contradicting the record cannot be considered even when the question of jurisdiction is involved."

■ If the decisions are thus conflicting on the question, as indicated by the text as above quoted, it is obviously impossible for us to here hold with both. We have carefully studied the statutory provision and the two lines of decisions indicated and are inclined to the opinion that, regardless of what is contained in the transcript of the proceedings below, and more especially those matters transpiring after rendition of judgment, such as notice of appeal in open court and the filing of appeal bonds, it is our privilege and even our duty to ascertain the real facts which are essential to our jurisdiction.

By article 2253, Rev.Civ.Statutes 1925 (as amended by Acts 1927, c. 15, § 1, Vernon's Ann.Civ.St. art. 2253), it is provided that, in cases where an appeal is allowed, the appellant shall give notice of appeal in open court within two days after final judgment, or within two days after judgment overruling a motion for new trial.

In the case of Western Union Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S.W. 945, it was held that, to confer jurisdiction on the appellate court, the party desiring to appeal must give notice in open court of his intentions to perfect an appeal, using this language: "We have been unable to find in the decisions of this court any intimation that notice of appeal is not necessary to the jurisdiction of the appellate court in all cases which are sought to be brought before it by direct appeal. On the contrary, it has been frequently asserted, in effect, that the notice is jurisdictional, and that it cannot be waived." Many decisions by the Supreme Court are cited in support of the statement quoted. In that case the record did not show notice of appeal was given, but appellant sought to amend the record by showing that in truth the notice was given but that it was erroneously omitted from the transcript. The Court of Appeals dismissed the appeal and the Supreme Court held the case should have been reinstated and appellant given an opportunity to correct the record. It was there further held that the jurisdiction depended upon a compliance with the statute by giving the notice of appeal in open court, and not upon the fact that the clerk made entry thereof in the minutes.

We have thus referred to the Western Union Tel. Co. v. O'Keefe Case, supra, to show that, as a requisite to jurisdiction in this court, it was necessary for appellants to have given notice of appeal in open court within the time required by statute. The appellant, in attacking our jurisdiction, shows by the ex parte affidavits of both the trial judge and the district clerk that such notice was not given and upon the contrary the notice of appeal which appears in the record was given several days thereafter and filed back as of the date of judgment.

The transcript before us contains the following instrument, it being the only part of the record pertaining to the notice of appeal: "Now comes defendants in the above entitled and numbered cause, on this the 13th day of February, 1937, and after judgment has been entered in said cause in favor of the plaintiff herein and against these defendants, and excepts here and now

in open court to said action and ruling of the court, and here and now in open court gives notice of appeal to the Court of Civil Appeals for the Second Supreme Judicial District of Texas, sitting at Fort Worth, Texas." The foregoing instrument was signed by counsel for appellants.

The affidavits of Judge Hall and Mr. Cox, the clerk, show that the above instrument does not speak the truth; that the term of court adjourned on February 13, 1937, the day on which the judgment was entered, and that Judge Hall signed the minutes for the term and left town; that the instrument above quoted was left at his home in Henrietta by counsel for appellants and that he really received it on February 15, 1937, and mailed it to the clerk at Montague, and advised the clerk to file it as of the 13th of February, 1937; the clerk says he received it on February 20, 1937, and at the request of the judge filed it as of February 13, 1937. The ex parte affidavits have been on file with us for some time, and counsel for appellee refer to them in their brief, but no effort is made to contradict the facts asserted therein; appellee's contention being that we cannot consider these ex parte affidavits to contradict the record as made by the clerk under his official hand and seal.

If, as held by the Supreme Court in the case of Western Union Tel. Co. v. O'Keefe, supra, the appellate court could hear ex parte affidavits to the effect that the jurisdictional requisite did in fact exist, though not shown by the transcript, we can see no reason why we should not consider the same kind of evidence, to the effect that, while this jurisdictional fact appeared in the record, yet it was not true. To do otherwise would allow the consideration of extrinsic evidence to show the appellate court had jurisdiction when the record did not disclose it, but would never permit the court to ascertain facts which would defeat its jurisdiction, if the record was regular in form, even though the recitations therein were untrue or even though the record was made upon agreements of parties waiving the jurisdiction of the appellate court. It is a well-settled rule of law in this state that jurisdictional matters may be raised at any time, and cannot be waived by the parties nor by the court. Harris v. Hopson, 5 Tex. 529; Dial v. Rector, 12 Tex. 99; St. Louis S. W. Ry. Co. v. Hall, 98 Tex. 480, 85 S.W. 786; Herd v. Home Nat. Bank of Cleburne (Tex.Civ.App.) 283 S.W. 1112 (writ dismissed).

To go farther with what we have just said, if a record is brought before the appellate court which does not show a judgment or decree sufficient for the basis of an appeal, article 2228, Rev.Civ.Statutes, provides the remedy; such a decree may be corrected by the trial court according to the truth or justice of the case, under the conditions therein provided. As shown by the excerpt taken from Texas Jurisprudence above, we have seen that: "The usual rule as to the necessity for correcting the record in the trial court does not apply when the issue is one affecting the jurisdiction of the appellate court." The quoted text is supported by the holding of the San Antonio Court of Civil Appeals in Zarate et al. v. Cantu et al., 225 S.W. 285.

The apparent conflict in the decisions above referred to on the point under consideration here is emphasized mainly in cases where the defect in the record complained of arises in one instance in the proceedings which the trial court had the power to control, while upon the other hand the other line of decisions is based upon the record as made after the judgment was entered and the point could no longer be put in issue before the court trying the case.

The application of the rule laid down in article 1822 was discussed by the Supreme Court in City of Austin v. Nalle, 85 Tex. 520–550, 22 S.W. 668, 960. In that case, after the Supreme Court had rendered its opinion on the points involved, a motion was made to dismiss the appeal for lack of jurisdiction by the trial court to hear and try the case. It was insisted that, if the trial court was without jurisdiction, the Court of Appeals and the Supreme Court would likewise fail to acquire jurisdiction. An attempt was made to bring these facts before the Supreme Court by ex parte affidavits. The court declined to consider the extrinsic testimony for the reason it raised a question that could have been put in issue before the trial court and did not come under the rule of the Constitution, article 5, § 3, and article 1822, Rev.Civ.Statutes. In passing upon the question, the court used this language: "This court has 'power, upon affidavit or otherwise, as by the court may be determined to ascertain such matters of fact as may be necessary to the proper exercise of its jurisdiction.' Const. art. 5, § 3. But we do not understand that this provision of the constitution applies to questions which were put in issue, or which could have been put in issue, in the trial court, but only to such as may arise after

a final disposition of the case in the court from which the appeal is taken."

In the case before us we are not called upon by the ex parte affidavits to determine our jurisdiction upon matters that were or could have been determined by the trial court, but upon facts transpiring after the judgment by the trial court was rendered. By the affidavits it is made to appear that no exception to the judgment was taken and no notice of appeal given in open court within the time prescribed by law; we cannot close our eyes to the essential jurisdictional facts in the case, especially when they are brought before us by one of the litigants.

In Herd v. Home Nat. Bank of Cleburne (Tex.Civ.App.) 283 S.W. 1112, 1113 (writ dismissed), the court had under consideration practically the same question now before us, and said: "It is true affidavits contradicting the record will not be received nor considered by this court on any question involved in an appeal except a jurisdictional question but it is equally true that affidavits contradicting the record will be received and considered where such affidavit presents a fact or facts affecting the jurisdiction of this court and such fact or facts could not have been put in issue in the court trying the cause. Article 1593 Vernon's Sayles' Civ.St. [now article 1822]; Dixon v. Lynn (Tex.Civ.App.) 154 S.W. 656; City of Austin v. Nalle, 85 Tex. 520–550, 22 S.W. 668, 960; Claiborne v. M., K. & T. Ry., 21 Tex.Civ.App. 648, 53 S.W. 837, 57 S.W. 336; Cruger v. McCracken, 87 Tex. 584, 30 S.W. 537; Hill v. Halliburton, 32 Tex.Civ.App. 21, 73 S.W. 21; Seiter v. Marschall, 105 Tex. 205, 147 S.W. 226; Webster v. I. & G. N. Ry. (Tex. Civ.App.) 184 S.W. 295; Harris v. Hopson, 5 Tex. 529; Hart v. Mills, 31 Tex. 304."

In Woodrum Truck Lines v. Bailey (Tex. Com.App.) 57 S.W.(2d) 92, 93, the transcript showed the appeal bond was filed one day too late, and it was there said: "In reply to a motion to dismiss the appeal because said bond was not filed within the statutory period, the appellant satisfied the Court of Civil Appeals, by affidavit, that, contrary to said file mark, the bond was actually filed and approved within the twenty-day period, and the motion to dismiss was overruled. We see no error in this. Blalock v. Slocumb (Tex.Com.App.) 245 S.W. 648; Maury v. Turner (Tex.Com.App.) 244 S.W. 809."

The appellee here is not without some authority in the decisions of the courts for his contention that we cannot receive and consider ex parte affidavits presented by appellants· challenging the truth of recitations in the transcript, even though our jurisdiction is involved; but the distinction between those cases and the authorities cited and followed by us in most instances is apparent. Sumrall v. Russell (Tex.Civ.App.) 262 S.W. 507 (writ refused), among other cases, is relied upon by appellee. There an appeal was taken from a judgment rendered in the district court of Eastland county. The case appeared to have been filed in one district court of that county and the judgment appealed from was rendered by another; the record did not disclose that any formal order was ever entered transferring the cause from one court to the other. On appeal, motion was made to discontinue the case on the appellate court's docket for the lack of jurisdiction in the trial court being shown in the record; this motion was supported by an affidavit of the district clerk that no order appeared in the minutes of the court transferring the case from one court to the other, but that among the papers he found such a purported order that was never entered in the minutes. The Court of Civil Appeals declined to consider the extrinsic evidence and used this strong language: "The transcript of the proceedings in the trial court certified· under the hand and seal of its clerk imports verity. In a proper case this court has the power and will consider evidence dehors the record to ascertain whether it has acquired jurisdiction of an appeal. But it cannot consider evidence aliunde contradicting the record." We think that case is distinguishable from the one before us. In the first place, the attack was one upon the jurisdiction of the trial court, and in the next place it presented a matter which could have been determined by the trial court before rendering the judgment from which the appeal was taken. This holding is not in conflict with the rule announced in City of Austin v. Nalle, supra, except in the additional general statement by the court that no extrinsic testimony would be heard to contradict the record; however, even that statement was authorized under the facts of that case.

Gibson v. Singer Sewing Machine Co., 145 S.W. 633, 634, by the San

Antonio Court of Civil Appeals, is another case cited by appellee in support of his contention that we cannot consider the affidavits presented by appellant. It seems that this case did not reach the Supreme Court in any form. The jurisdiction of the appellate court was attacked in that case and supported by affidavits, showing that, although the judgment appealed from recited that exception was taken and notice of appeal was given in open court, none in fact was so given; the court said: "It is true that article 998 [now article 1822] gives authority to Courts of Civil Appeals to ascertain through affidavits or otherwise, such matters of fact as may be necessary to the proper exercise of their jurisdiction; but such inquiry is restricted to matters of fact not appearing in the record. * * * We have seen no case in which the recitals in a judgment of the lower court could be attacked by affidavits in the appellate court." In support of the holding the case of Southern Pac. Co. v. Winton, 27 Tex.Civ.App. 503, 66 S.W. 477, by the same court was cited. The latter case was decided upon a point similar to the one in Sumrall v. Russell, supra, where the jurisdiction in the trial court depended upon a transfer from another district court. This was a matter that could have been determined by the trial court, and the presumption is that it was so determined.

The difference between the Gibson v. Singer Sewing Machine Company Case, supra, and the one before us lies in the facts that (1) it was a matter that could have been determined by the trial court before the judgment was rendered, and (2) it was an attack on the recitation in the judgment to the effect that notice of appeal was given in open court, likewise a matter under the control of the trial court. Whereas in the case before us there is no attack made on any part of the record involving issues which the trial court could have determined, nor are any provisions of the judgment rendered and appealed from, attacked or disputed. Here, only a matter which took place after judgment was rendered is contested; that is, the instrument delivered to the clerk on February 20, 1937, seven days after rendition of judgment, but filed as of February 13, 1937, reciting that exception to the judgment was taken and notice of appeal in open court was given and taken on February 13, 1937. In the nature of things this was all done after judgment was rendered.

In addition to the cases above discussed, appellee cites Cutbirth v. Knowles (Tex.Civ.App.) 48 S.W.(2d) 649 (writ dismissed). In that case the appeal bond was not filed within twenty days but was filed within thirty days after rendition of judgment. Appellant sought to justify the late filing by showing by ex parte affidavits that he in fact resided in another county from the one in which judgment was rendered, and by this means sought to contradict his pleadings and testimony had in the trial court; these were issues which were before the trial court before judgment was rendered. The Court of Civil Appeals refused to receive and consider the affidavits.

Ennis Mercantile Co. v. Wathen, 93 Tex. 622, 57 S.W. 946, 947, is cited in support of appellee's contention. It cannot be said that certain expressions therein do not lend the support claimed. But the issue was that the statement of facts did not purport to be signed by the trial court, and that the appeal should be dismissed. Ex parte testimony was offered in support thereof. It was there said: "This article [1822] restricts the power of courts of civil appeals to inquire into matters of fact not appearing in the record to such as affect its jurisdiction. The failure of the county judge to sign the statement of facts in this case does not affect the jurisdiction of the court of civil appeals, and therefore does not come within the authority conferred by the statute upon those courts to inquire into facts not contained in the record."

There are other cases cited by appellee but, by a careful study of them, we think they are less applicable to the case before us than those upon which we have commented.

If there is merit in the distinctions we have attempted to draw between the cases which tend to hold the record, as made by the clerk, cannot be contradicted by extrinsic evidence, and those which say it may be contradicted in matters transpiring after the rendition of the judgment which involve the jurisdiction of the Court of Civil Appeals, then there is no material conflict in the many decisions on the point. While, upon the other hand, if our deductions are not tenable, we prefer to follow the line of decisions which hold that under article 1822 we have the power

and authority to hear extrinsic evidence to show that a record presented for review does not speak the truth when it shows jurisdictional facts. As before indicated, we do not believe the statute referred to was intended to limit our inquiries to matters which, when proven, would show jurisdiction and exclude all inquiries which may prove a lack of jurisdiction.

We have concluded to receive and consider the aliunde testimony, and from it we believe we are without jurisdiction to enter the order affirming the judgment of the trial court on certificate and must therefore dismiss the appeal for want of jurisdiction.

Motion overruled, and appeal dismissed.