ACCEPTED
01-15-00401-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
7/31/2015 3:32:54 PM
CHRISTOPHER PRINE
CLERK

NO. 01-15-00401-CR

IN THE
FIRST COURT OF APPEALS
AT HOUSTON, TEXAS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

7/31/2015 3:32:54 PM

CHRISTOPHER A. PRINE
Clerk

IN THE MATTER OF
DAVID CHRISTOPHER HESSE,
Appellant

## SUPPLEMENTAL MOTION TO STRIKE
## SECOND SUPPLEMENTAL CLERK'S RECORD

TO THE HONORABLE JUDGES OF SAID COURT:

Appellant, David Christopher Hesse, supplements his prior-filed Motion to Strike the Second Supplemental Clerk's Record, which is incorporated herein by reference, and shows:

1.    On July 30, 2015, the District Clerk of Fort Bend County filed a letter with this Court.  In this letter, the District Clerk requests this Court to "[w]ithdraw from the Clerk's Record submitted May 14, 2015 page numbers 6 – 11 and replace with the documents included in the Second Supplemental Record as page numbers 4 – 9."

2.    Hesse objects to that request and asks that this Court not grant the District Clerk's request to withdraw page 6 – 11 (specifically pages 8 – 11) from

1

the Clerk's Record.

3. As the District Clerk acknowledges in her letter, the February 25, 2015, Judgment of Contempt (C.R. pp. 9 – 11) did not have any annotations on it when it was scanned by her Office on February 27, 2015. And the District Clerk's letter is silent to the fact that when her Office prepared the Clerk's Record and submitted it on May 14, 2015, the annotated Judgment was not to be found among the papers of the case.

4. If the Court grants the District Clerk's request and withdraws page numbers 6 – 11 of the Clerk's Record and replaces those with the documents included in the Second Supplemental Record as page numbers 4 – 9" the Record would stand with only the "annotated" February 25, 2015 Judgment. That would make the record reflect that the annotation, "ABANDON IN FAVOR OF 2/26/2015 JUDGMENT," signed Lee Duggan, Jr. JUDGE" was on the document on February 26, 2015 when it was filed at 2:32 p.m..

5. The verity of the Clerk's Record would, thereby, be destroyed.[1] This should not be allowed to happen.

6. Interestingly, the District Clerk does not tell this Court when her Office scanned the "annotated" judgment. This information is available, if

---

[1] **Sumrall v. Russell**, 262 S.W. 507 (Tex. Civ. App. – El Paso 1924, writ ref'd).

2

nowhere else, in the metadata of that file on the District Clerk's server. The District Clerk also does not advise what happened to the original barcode affixed to the document at pages 6 – 11 of the Clerk's Record.

7.      More interesting is the fact that the State, in its Response to Contemnor's Motion to Quash (C.R. pp. 223 – 251) refers only to the February 26, 2015 Judgment. The State's Response makes no reference to the February 25, 2015 Judgment.

8.      On April 15, 2015, Hesse filed a verified, Amended Special Plea of Double Jeopardy.[2]   In that Amended Special Plea, Hesse attached both Judgments in support of that Amended Special Plea. The State did not file a Response to that Amended Special Plea. The State's silence on that point can be taken as a confession that Hesse's allegation of two separate judgments was true;[3] and that, as of April 15, 2015, the annotation had not been added to the February 25, 2015 Judgment.

9.      On June 2, 2015, the Court of Criminal Appeals stayed any further proceedings in the underlying cause (No. 12-DCR-061186). See Exhibit No. 1, attached hereto and incorporated by reference for all purposes.

---

[2] ▲      Supp. C.R. p. 4.

[3] ▲      See, e.g., *Moree v. State*, 183 S.W.2d 166, 169 (Tex. Crim. App. 1944).

10.     According to the information that the District Clerk provided to the undersigned counsel, the physical file in Docket No. 12-DCR-061186 was sent to the 240TH Judicial District Court on June 8, 2015.  The District Clerk does not know who requested the file be sent to the 240TH Judicial District Court.

11.     Again, according to the information that the District Clerk provided to the undersigned counsel, after June 8, 2015, someone from the Fort Bend County District Attorney's Office came to the District Clerk's Office and requested that a supplemental Clerk's Record be prepared and filed, to show both Judgment of Contempt.

12.     To quote Desi Arnaz, "Lucy, you've got some 'splaining to do!" Well, someone has "some 'splaining to do" in this case. There needs to be a hearing wherein all of these facts can be developed, with witnesses being placed under oath and Findings of Fact and Conclusions of Law filed with this Court.

13.     Unless and until that happens, this Court should not grant the District Clerk's requested relief.  At the very least, this Court should strike the Second Supplemental Clerk's Record and conduct or order a hearing on the annotation, when it was added, by whom, etc.. This Court should grant Hesse

4

general relief.

<div style="margin-left:50%">

Respectfully submitted,

/s/ L.T. "Butch" Bradt
L.T. "Butch" Bradt #02841600
14015 Southwest Freeway, Suite 4
Sugar Land, Texas 77478-3500
(281) 201-0700
Fax: (281) 201-1202
ltbradt@flash.net

Michael Mowla #24048680
445 E. FM 1382 #3-718
Cedar Hill, Texas 75104
(972) 795-2401
Fax: (972) 692-6636
michael@mowlalaw.com
Attorneys for Appellant,
David Christopher Hesse

</div>

## CERTIFICATE OF SERVICE

I, the undersigned attorney, in accordance with the Rule 9.5, T.R.A.P., certify that a true and correct copy of the foregoing Brief was delivered to:

Gail Kikawa McConnell, Ass't District Attorney
301 Jackson Street, Room 101
Richmond, TX 77469
Gail.McConnell@fortbendcountytx.gov

On July 31, 2015.

<div style="margin-left:50%">

/s/ L.T. "Butch" Bradt
L.T. "Butch" Bradt

</div>

# Exhibit 1



# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,286-01

### IN RE BRANDON JAY CARTER, Relator

ON APPLICATION FOR A WRIT OF MANDAMUS
IN CAUSE NO. 12-DCR-061186 IN THE 240TH DISTRICT COURT
FROM FORT BEND COUNTY

*Per curiam.* ALCALA, J., dissents.

### O R D E R

Relator filed a motion for leave to file an application for a writ of mandamus, pursuant to the original jurisdiction of this Court. The application requests that we issue a writ of mandamus in the underlying case, ordering the district court to vacate its order substituting appointed counsel dated March 12, 2015. Relator first filed a petition for writ of mandamus in the First Court of Appeals. *In re Brandon Jay Carter*, No. 01-15-00216-CR (Tex. App.—Houston [1st Dist], May 7, 2015) (not designated for publication). The Court of Appeals denied relief without comment. *Id.*

12—DCR—061186
LETT
Letters
3600814



The respondent, the Judge of the 240th District Court of Fort Bend County, is ordered to file a response with this Court. The real party in interest, the Fort Bend County District Attorney, may also submit a response.

The motion for leave to file an application for writ of mandamus will be held in abeyance until the respondent has submitted the appropriate response. The responses shall be submitted within 30 days of the date of this order. Any further proceedings in the underlying cause are hereby stayed until this application for writ of mandamus is resolved.

IT IS SO ORDERED THIS THE 1ST DAY OF JUNE, 2015.

Do Not Publish



FILED
2015 JUN -2 AM 9:26
P. Lozano
Date:
CLERK DISTRICT COURT
FORT BEND CO. TX